**ALEXANDRIA FAYE, INDIVIDUALLY**
**AND AS NEXT FRIEND AND ON**
**BEHALF OF O.F. AND K.S.**                                                  **PLAINTIFFS**

**VERSUS**                                    **CIVIL ACTION NO.: 1:17cv145 LG-RHW**

**MISSISSIPPI DEPARTMENT OF HUMAN**
**SERVICES, HARMONY RAFFEO, INDIVIDUALLY,**
**AND AS AGENT FOR  THE MISSISSIPPI**
**DEPARTMENT OF HUMAN SERVICES, TEQUILA**
**HALL, AS AGENT FOR MISSISSIPPI DEPARTMENT OF HUMAN**
**SERVICES, ERICA WEARY, INDIVIDUALLY**
**AND AS AGENT FOR THE MISSISSIPPI DEPARTMENT**
**OF HUMAN SERVICES AND JOHN AND JANE DOES I-X**            **DEFENDANTS**

---

**ANSWER AND DEFENSES OF MISSISSIPPI DEPARTMENT OF HUMAN SERVICES,**
**HARMONY RAFFEO, INDIVIDUALLY, AND AS AGENT FOR THE MISSISSIPPI**
**DEPARTMENT OF HUMAN SERVICES, AND TEQUILA HALL, AS AGENT FOR**
**MISSISSIPPI DEPARTMENT OF HUMAN SERVICES, TO COMPLAINT**

---

**COME NOW**, Defendants, Mississippi Department of Human Services, Harmony Raffeo,

Individually, and as Agent for the Mississippi Department of Human Services, and Tequila Hall, as

Agent for Mississippi Department of Human Services ("Defendants") and file this their Answer and

Defenses to Plaintiff's Complaint as follows:

## PRELIMINARY DEFENSE

The allegations of wrongdoing levied against these Defendants are denied. Plaintiff has failed

to present proof, other than speculation, that O.F. or K.S. were sexually abused while in the custody

of the DHS, its employees or the licensed foster care parent. Defendants deny that there was any

harm to the children caused by Defendants.

## FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted against Defendants and should therefore be dismissed according to Mississippi Rule of Civil Procedure 12(b)(6) and 12(b)(1). Defendants raise all other defenses under Mississippi Rule of Civil Procedure Rule 8 and 12(b).

## SECOND DEFENSE

Plaintiff's claims against the Defendants are barred due to insufficiency of process, insufficiency of service of process and/or failure of process and should therefore be dismissed.

## THIRD DEFENSE

Plaintiff's state law claims against the Defendants are barred by the Mississippi Tort Claims Act §§ 11-46-1, *et seq*. (as amended), and Defendants raise all defenses therein, including, without limitation, the notice requirements, (Miss. Code Ann. § 11-46-11), prohibition against individual liability, (Miss. Code Ann. § 11-46-7(2)), the failure to exhaust administrative remedies (Miss. Code Ann. § 11-46-11), and the statute of limitations contained therein.

## FOURTH DEFENSE

The Plaintiff's claims are barred in whole or in part by the exemptions provided by the Mississippi Tort Claims Act §§ 11-46-1, *et seq*. (as amended), including without limitation, those contained in Mississippi Code Ann. § 11-46-9.

## FIFTH DEFENSE

The Defendants specifically plead Mississippi Code §11-46-9(1)(d) which exempts governmental entities from the waiver of sovereign immunity for claims based on the exercise or

performance or the failure to exercise or perform a discretionary function or duty on the part of a governmental entity or employee whether or not the discretion is abused.

### SIXTH DEFENSE

Plaintiff is not entitled to trial by jury in this action pursuant to Mississippi Code Ann. § 11-46-13(1).

### SEVENTH DEFENSE

To the extent Defendants may be found liable which is denied, Defendants assert the limitations of liability and statutory cap found at Mississippi Code Ann. § 11-46-15.

### EIGHTH DEFENSE

To the extent Plaintiff may assert punitive damages against Defendants, such punitive damages are barred by Mississippi Code Ann. § 11-46-15(2) and cannot be assessed against the Defendants.

### NINTH DEFENSE

Under Mississippi Code Ann. § 11-46-15(2) attorneys' fees are not applicable in this action and cannot be assessed against Defendants.

### TENTH DEFENSE

Under Mississippi Code Ann. § 11-46-15(2) costs are not applicable in this action and cannot be assessed against Defendants.

### ELEVENTH DEFENSE

Under Mississippi Code Ann. § 11-46-15(2) prejudgment interest is not applicable in this action and cannot be assessed against Defendants.

## TWELFTH DEFENSE

To the extent that the Complaint sufficiently alleges federal law claims, or if the Complaint is subsequently amended to sufficiently allege additional federal law claims, including but not limited to a claim under 42 U.S.C. § 1983, those claims are barred by the Eleventh Amendment. DHS is entitled to sovereign immunity *as enshrined* by the Eleventh Amendment to the Constitution of the United States, which bars all of Plaintiff's federal claims against DHS. The statute of limitations has expired on any and all claims alleged under 42 U.S.C. § 1983.

## THIRTEENTH DEFENSE

The Defendants are entitled to sovereign immunity *as enshrined* by the Eleventh Amendment to the Constitution of the United States, which bars Plaintiff's official capacity claims against them.

## FOURTEENTH DEFENSE

Plaintiff's claims against the Defendants are barred by the doctrines of qualified immunity and/or individual statutory immunity.

## FIFTEENTH DEFENSE

Plaintiff's claims against the Defendants are barred because no established statutory or constitutional rights of Plaintiff, O.F. or K.S. have been violated, because at all relevant times Defendants' actions were objectively reasonable in light of existing law, and because Defendants did not knowingly violate any law.

## SIXTEENTH DEFENSE

Plaintiff has no private right of action against the Defendants or under 42 U.S.C. § 1983 for some or all of the claims alleged in the Complaint.

## SEVENTEENTH DEFENSE

Defendant DHS is not a "person" for purposes of 42 U.S.C. § 1983.

## EIGHTEENTH DEFENSE

Licensed foster care parents acting in their official capacity are not "persons" for purposes of 42 U.S.C. § 1983.

## NINETEENTH DEFENSE

Under 42 U.S.C. § 1983, Plaintiff cannot recover damages from Defendants acting in their official capacity.

## TWENTIETH DEFENSE

The Plaintiff's claims are barred by the doctrines of res judicata, collateral estoppel and/or failure to exhaust administrative remedies. To the extent the Defendants complied with Youth Court orders, they have no liability.

## TWENTY-FIRST DEFENSE

Some or all of Plaintiff's claims are barred by the good faith immunity provided by Miss. Code Ann. § 43-21-355.

## TWENTY-SECOND DEFENSE

The actions of Alexandria Faye set in motion the cause of and need for the children to be placed in the custody of DHS. The alleged damages of which the Plaintiff complains were proximately caused or contributed to by the acts of individuals and/or entities other than the Defendants, whose acts constitute the proximate cause or independent intervening cause of Plaintiff's alleged injuries and damages. Defendants seek apportionment pursuant to Mississippi Code Ann. § 85-5-7.

## **TWENTY-THIRD DEFENSE**

To the extent that Plaintiff may assert punitive damages against Defendants, there should be no recovery of punitive damages against Defendants because such recovery would violate:

a) The Eighth Amendment to the Constitution of the United States;

b) The Fourteenth Amendment to the Constitution of the United States;

c) The Fifth Amendment to the Constitution of the United States;

d) The Tenth Amendment to the Constitution of the United States;

e) The Eleventh Amendment to the Constitution of the United States; and

f) The Constitution of the State of Mississippi.

In addition, Defendants raise all rights and defenses to punitive damages claims as provided by Mississippi law and statute, including bifurcation.

## **TWENTY-FOURTH DEFENSE**

To the extent the Plaintiff, O.F. or K.S. have suffered any damages, which is denied, the sole proximate cause of such damages were the actions of individuals and/or entities over whom Defendants had and have no control. If such actions were not the sole proximate cause, then such actions were a substantial contributing cause of the alleged damages, if any. In addition, Plaintiff has a duty to minimize and mitigate their damages, if any.

## **TWENTY-FIFTH DEFENSE**

At all relevant times, Defendants did not act maliciously, arbitrarily or capriciously.

## **TWENTY-SIXTH DEFENSE**

At all relevant times, Defendants acted reasonably and in accordance with the law and did not breach any duty owed to the Plaintiff.

## TWENTY-SEVENTH DEFENSE

Defendants, at all relevant times, used the degree of care required of them under the law and are not liable in damages to Plaintiff.

## TWENTY-EIGHTH DEFENSE

Defendants assert any and all applicable statutes of limitations under state or federal law, assumption of risk, and limitations of liability as a defense.

## TWENTY-NINTH DEFENSE

Defendants assert that Plaintiff has failed to join a necessary party.

## THIRTIETH DEFENSE

The actions or inactions on the part of third parties were the sole, proximate and only cause of the incident complained of and the alleged damages, if any, sustained by the Plaintiff, O.F. or K.S.; and such actions or inactions were an independent cause or a superceding cause of the alleged damages, if any.

## THIRTY-FIRST DEFENSE

Defendants did not harm the Plaintiff, O.F. or K.S. The alleged damages of the Plaintiff resulted not from any negligence or breach of any legal duty on the part of the Defendants. Alternatively, Defendants are entitled to a comparative portion of responsibility, fault or causation as to the Plaintiff and other persons, including any third parties pursuant to Mississippi Code § 85-5-7. Further, Defendants are entitled to a credit, set off, indemnification, pro-rata reduction or percentage reduction for any amounts paid by third parties.

## THIRTY-SECOND DEFENSE

Defendants specifically plead that they are not liable for negligence or wrongful acts of third parties, if any; although it is denied that any defendant was negligent.

## THIRTY-THIRD DEFENSE

The damages of the Plaintiff, if any, are due to one or more pre-existing conditions or diseases and/or other conditions unrelated to the incident(s) sued upon for which this Defendants are not responsible or liable.

## THIRTY-FOURTH DEFENSE

Defendants incorporate by reference herein, as fully set forth, all defenses, both affirmative and otherwise, raised, pleaded, or asserted by all other defendants.

## THIRTY- FIFTH DEFENSE

A.      Plaintiff previously filed an identical lawsuit which was dismissed by the federal court in *Faye v. Mississippi Dept. of Human Services, et al.*, Civil Action No. 1:15-cv-429-HSO-JCG (S.D. Miss. Sept. 7, 2016), hereinafter referred to as "*Faye I*." Attached hereto is the *Memorandum Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss* [Exhibit "A" hereto], *Order Granting Defendants' Motion to Dismiss* [Exhibit "B" hereto], and *Final Judgment* [Exhibit "C" hereto]. The federal court specifically found that "Plaintiff's First Amended Complaint failed to allege facts as to the purported wrongful conduct attributable to each Defendant sufficient to state facially plausible claims to relief pursuant to Rule 12(b)(6). Plaintiff was warned that failure to file a Second Amended Complaint by August 26, 2016, could result in the dismissal of all Plaintiffs' claims . . . Plaintiff has not filed a Second Amended Complaint. Because Plaintiff has not filed a Second Amended Complaint in accordance with the Court's Order, even after being

warned that failure to do so may result in dismissal of her claims, the Court finds that dismissal without prejudice is warranted." See language from Exhibit "B."

As Plaintiff has failed to file a complaint in conformity with the federal court's Order, Plaintiff is in violation of the court's Order, and thus, this *Faye II* lawsuit should be dismissed with prejudice.

B.     Defendants raise the defenses of res judicata and collateral estoppel to the extent that this lawsuit, "*Faye II* ," and its allegations, have been previously addressed and decided by the federal court in "*Faye I*."

C.     These answering Defendants would show this Court that the Plaintiff's "official capacity" claims asserted against DHS pursuant to 42 U.S.C. § 1983 are due to be dismissed pursuant to the provisions of Rule 12, Fed. R. Civ. P. An official capacity suit is to be treated as a suit against the entity, which in this case is a Department of the State of Mississippi. The State is not subject to suit under Section 1983 because the State is not a "person." As such, Defendant DHS is entitled to a dismissal of any and all claims under Section 1983 asserted against DHS.  Further, this Defendant would show that this Court lacks subject matter jurisdiction to adjudicate any of the claims asserted against DHS under 42 U.S.C. § 1983 provided by the Eleventh Amendment to the United States Constitution. Further, all MTCA claims should be dismissed as well.  As such, this Defendant would show that the claims asserted herein against DHS are due to be dismissed pursuant to the provisions of Rules 12(b)(1) and 12(b)(6), Fed. R. Civ. P.

D.     This Defendant would further show that there is no reasonable basis to have joined DHS in this second suit and this Defendant is entitled to damages (costs, attorney's fees and sanctions) under the provisions of Federal Rule 11 and the Mississippi Litigation Accountability Act,

MCA § 11-55-1. Specifically, the Plaintiff is aware that this Defendant did nothing wrong in caring for these children about which the Complaint herein is made and, to the extent that DHS participated in any manner complained of, DHS is immune and/or entitled to qualified immunity. Attached hereto as Exhibit "D" is counsel's letter which has been ignored by Plaintiff by the re-filing of this frivolous lawsuit. Plaintiff should be sanctioned for this frivolous, duplicated litigation.

## THIRTY-SIXTH DEFENSE

Plaintiff's claims of intentional torts and assault and battery are barred by the one-year statute of limitations in Mississippi Code Ann. § 15-1-35.

## THIRTY-SEVENTH DEFENSE

Defendants are employees of the Mississippi Department of Human Services and at all relevant times they were acting in the course and scope of their employment. Under Mississippi Code Ann. § 11-46-7(2), Defendants are not personally liable for acts or omissions occurring within the course and scope of their employment.

## THIRTY-EIGHTH DEFENSE

Mississippi Code § 43-15-125 provides immunity for Defendants in the licensing and regulation of foster homes such that Defendants are not liable for Plaintiffs claims regarding the investigation and screening of the foster home.

## THIRTY-NINTH DEFENSE

Defendants are not liable for Plaintiff's claims regarding the investigation and screening of the foster home under Mississippi Code § 11-46-9(h) which provides immunity to Defendants for claims arising out of issuing and approving licenses.

## ANSWER TO COMPLAINT PARAGRAPHS

Without waiving any of the defenses raised herein above, these Defendants deny the introductory paragraph of the Complaint, and answer the allegations of the Complaint, paragraph by paragraph as follows:

## PARTIES

1.      Defendants are without sufficient information and knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 1 of the Complaint and are therefore denied.

2.      Defendants are without sufficient information and knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 2 of the Complaint and are therefore denied.

3.      Defendants are without sufficient information and knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 3 of the Complaint and are therefore denied.

4.      The allegations of Paragraph 4 of the Complaint are denied except to admit that Mississippi Department of Human Services is an agency of the  State of Mississippi that may be served through the Mississippi Attorney General, located at 550 High Street, Suite 1200, Jackson, MS 39201, which service has not occurred.

5.      The allegations of Paragraph 5 of the Complaint are admitted.

6.      The allegations of Paragraph 6 of the Complaint are admitted.

7.      The allegations of Paragraph 7 of the Complaint are denied as written, except to admit that Erica Weary was and is a licensed foster parent.

8.      These Defendants are without sufficient information and knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 8 of the Complaint and are therefore denied.

## JURISDICTION, VENUE, AND NOTICE

9.      The allegations of Paragraph 9 of the Complaint are denied as jurisdiction is proper in federal court.

10.     The allegations of Paragraph 10 of the Complaint are denied, except to admit that these Defendants reside in Mississippi.

11.     The allegations of Paragraph 11 of the Complaint are denied, except to admit that venue is proper in this federal court district.

12.     The allegations of Paragraph 12 of the Complaint are denied.

## FACTS

13.      Defendants are without sufficient information and knowledge to form a belief as to the truth or falsity of the allegations of Paragraph 13 of the Complaint, but on information and belief, Alexandria Faye has been arrested.

14.     Defendants are without sufficient information and knowledge to form a belief as to the truth or falsity of the allegations of Paragraph 14 of the Complaint and are therefore denied.

15.     Defendants are without sufficient information and knowledge to form a belief as to the truth or falsity of the allegations of Paragraph 15 of the Complaint and are therefore denied, except to admit that the Hancock County Youth Court ordered O.F. and K.S. into DHS custody.

16.     As to the allegations of Paragraph 16 of the Complaint, the Hancock County Youth Court ordered O.F. and K.S. into DHS custody.

17.     As to the allegations of Paragraph 17 of the Complaint, the Hancock County Youth Court order(s) speak for itself.

18.     As to the allegations of Paragraph 18 of the Complaint, the Hancock County Youth Court ordered O.F. and K.S. into DHS custody.

19.     Defendants are without sufficient information and knowledge to form a belief as to the truth or falsity of the allegations of Paragraph 19 of the Complaint and are therefore denied.

20.     The allegations of Paragraph 20 of the Complaint are denied.

21.     The allegations of Paragraph 21 of the Complaint are denied except to admit that O.F. and K.S. were placed in the foster care of Erica Weary, a licensed foster care parent. Defendants deny that Tequila Hall was in any way involved with these children or their placement.

22.     The allegations of Paragraph 22 of the Complaint are denied.

23.     The allegations of Paragraph 23 of the Complaint are denied.

24.     The allegations of Paragraph 24 of the Complaint are denied.

25.     The allegations of Paragraph 25 of the Complaint are denied.

26.     The allegations of Paragraph 26 of the Complaint are denied except that, on information and belief, O.F. and K.S. were taken to Garden Park Medical Center on June 11, 2014, which records speak for itself.

27.     The allegations of Paragraph 27 of the Complaint are denied as the medical records speaks for itself.

28.     The allegations of Paragraph 28 of the Complaint are denied as the medical record speaks for itself.

29. The allegations of Paragraph 29 of the Complaint are denied as the medical record speaks for itself; although the Defendants are unaware of any medical record which made a conclusive finding of sexual assault.

30. The allegations of Paragraph 30 of the Complaint are denied.

31. The allegations of Paragraph 30 of the Complaint are denied.

32. The allegations of Paragraph 32 of the Complaint are denied as the medical record speaks for itself.

33. As to the allegations of Paragraph 33 of the Complaint, the medical record speaks for itself, but on information and belief, O.F. and K.S. were taken to Children's Hospital of New Orleans.

34. The allegations of Paragraph 34 of the Complaint are denied as the medical record speaks for itself.

35. The allegations of Paragraph 35 of the Complaint are denied as the medical record speaks for itself.

36. The allegations of Paragraph 36 of the Complaint are denied as the medical record speaks for itself.

37. The allegations of Paragraph 37 of the Complaint are denied.

38. The allegations of Paragraph 38 of the Complaint are denied as the medical record speaks for itself.

39. The allegations of Paragraph 39 of the Complaint are denied.

40. The allegations of Paragraph 40 of the Complaint are denied.

41. The allegations of Paragraph 41 of the Complaint are denied.

42. The allegations of Paragraph 42 of the Complaint are denied.

43. The allegations of Paragraph 43 of the Complaint are denied.

44. The allegations of Paragraph 44 of the Complaint are denied.

45. The allegations of Paragraph 45 of the Complaint are denied.

46. The allegations of Paragraph 46 of the Complaint are denied.

47. The allegations of Paragraph 47 of the Complaint are denied.

48. The allegations of Paragraph 48 of the Complaint are denied.

49. The allegations of Paragraph 49 of the Complaint are denied.

50. The allegations of Paragraph 50 of the Complaint are denied.

51. The allegations of Paragraph 50 of the Complaint are denied.

52. The allegations of Paragraph 50 of the Complaint are denied.

## CLAIMS
## COUNT I: NEGLIGENCE AND GROSS NEGLIGENCE OF MDHS UNDER THE MISSISSIPPI TORTS CLAIM ACT

53. The allegations of Paragraph 53 of the Complaint are denied.

54. The allegations of Paragraph 54 of the Complaint are denied as legal conclusions, and as the Defendants acted properly in placing O.F. and K.S. in the home of Erica Weary.

55. The allegations of Paragraph 55 of the Complaint are denied as legal conclusions as the Defendants acted properly in supervising the placement of O.F. and K.S. in the home of Erica Weary, a licensed foster care parent.

56. The allegations of Paragraph 56 of the Complaint are denied as legal conclusions as the Defendants acted properly in supervising and inspecting the placement of O.F. and K.S. in the home of Erica Weary, a licensed foster care parent.

57.     The allegations of Paragraph 50 of the Complaint are denied.

58.     The allegations of Paragraph 58 of the Complaint and sub-parts a. through e. of the Complaint are denied.

59.     The allegations of Paragraph 59 of the Complaint are denied.

60.     The allegations of Paragraph 60 of the Complaint are denied.

61.     The allegations of Paragraph 61 of the Complaint are denied.

62.     The allegations of Paragraph 62 of the Complaint are denied.

## COUNT II: DEPRIVATION OF FOURTEENTH AMENDMENT CONSTITUTIONAL RIGHTS BY  HARMONY RAFFEO UNDER 42 U.S.C. § 1983

63.     The allegations of  Paragraph 63 of the Complaint are denied.

64.     The allegations of Paragraph 64 of the Complaint are denied.

65.     The allegations of Paragraph 65 of the Complaint are denied, and Harmony Raffeo is immune from liability for any actions she may have taken.

66.     The allegations of Paragraph 66 and sub-parts a. through f. of the Complaint are denied, and Harmony Raffeo is immune from liability for any actions she may have taken.

67.     The allegations of Paragraph 67 of the Complaint are denied, and Harmony Raffeo is immune from liability for any actions she may have taken.

68.     The allegations of Paragraph 68 of the Complaint are denied.

69.     The allegations of Paragraph 69 of the Complaint are denied.

## COUNT III: DEPRIVATION OF FOURTEENTH AMENDMENT CONSTITUTIONAL RIGHTS BY TEQUILA HALL UNDER 42 U.S.C. § 1983

70.     The allegations of Paragraph 70 of the Complaint are denied. Defendants deny that Tequila Hall was in any way involved with these children or their placement.

71.     The allegations of Paragraph 71 of the Complaint are denied. Defendants deny that Tequila Hall was in any way involved with these children or their placement.

72.     The allegations of Paragraph 72 of the Complaint are denied. Defendants deny that Tequila Hall was in any way involved with these children or their placement.

73.     The allegations of Paragraph 73 and subparts a. through f. of the Complaint are denied. Defendants deny that Tequila Hall was in any way involved with these children or their placement.

74.     The allegations of Paragraph 74 of the Complaint are denied. Defendants deny that Tequila Hall was in any way involved with these children or their placement.

75.     The allegations of Paragraph 75 of the Complaint are denied. Defendants deny that Tequila Hall was in any way involved with these children or their placement.

76.     The allegations of Paragraph 76 of the Complaint are denied. Defendants deny that Tequila Hall was in any way involved with these children or their placement. And, if Tequila Hall had taken any action, which is denied, she is immune from liability for any actions she may have taken.

## COUNT IV: DEPRIVATION OF FOURTEENTH AMENDMENT CONSTITUTIONAL RIGHTS BY JOHN AND JANE DOES 1-10 UNDER 42 U.S.C. § 1983

77.     The allegations of  Paragraph 77 of the Complaint are denied.

78.     Inasmuch as the allegations of Paragraphs 78 of the Complaint are directed toward another unnamed defendants, a response is not required. To the extent that any of the allegations of Paragraphs 78 of the Complaint are intended to imply any liability on these Defendants, they are denied

79. Inasmuch as the allegations of Paragraphs 79 of the Complaint are directed toward another unnamed defendants, a response is not required. To the extent that any of the allegations of Paragraphs 79 of the Complaint are intended to imply any liability on these Defendants, they are denied.

80. Inasmuch as the allegations of Paragraphs 80 and sub-parts a. through f. of the Complaint are directed toward another unnamed defendants, a response is not required. To the extent that any of the allegations of Paragraphs 80 of the Complaint are intended to imply any liability on these Defendants, they are denied.

81. Inasmuch as the allegations of Paragraphs 81 of the Complaint are directed toward another unnamed defendants, a response is not required. To the extent that any of the allegations of Paragraphs 81 of the Complaint are intended to imply any liability on these Defendants, they are denied.

82. Inasmuch as the allegations of Paragraphs 82 of the Complaint are directed toward another unnamed defendants, a response is not required. To the extent that any of the allegations of Paragraphs 82 of the Complaint are intended to imply any liability on these Defendants, they are denied.

83. Inasmuch as the allegations of Paragraphs 83 of the Complaint are directed toward another unnamed defendants, a response is not required. To the extent that any of the allegations of Paragraphs 83 of the Complaint are intended to imply any liability on these Defendants, they are denied.

## COUNT V: DEPRIVATION OF CONSTITUTIONAL RIGHTS BY ERICA WEARY UNDER 42 U.S.C. § 1983

84.     The allegations of Paragraph 84 of the Complaint are denied. Erica Weary was a licensed foster care parent, and she is immune from liability for any actions she may have taken.

85.     The allegations of Paragraph 85 of the Complaint are denied. Erica Weary was a licensed foster care parent, and she is immune from liability for any actions she may have taken.

85.     The allegations of second Paragraph 85 of the Complaint are denied. Erica Weary was a licensed foster care parent, and she is immune from liability for any actions she may have taken.

86.     The allegations of Paragraph 86 and subparts a. through c. of the Complaint are denied. Erica Weary was a licensed foster care parent, and she is immune from liability for any actions she may have taken.

87.     The allegations of Paragraph 87 of the Complaint are denied. Erica Weary was a licensed foster care parent, and she is immune from liability for any actions she may have taken.

88.     The allegations of Paragraph 88 of the Complaint are denied. Erica Weary was a licensed foster care parent, and she is immune from liability for any actions she may have taken.

89.     The allegations of Paragraph 89 of the Complaint are denied. Erica Weary was a licensed foster care parent, and she is immune from liability for any actions she may have taken.

## COUNT VI: NEGLIGENCE AND GROSS NEGLIGENCE OF ERICA WEARY

90.     The allegations of Paragraph 90 of the Complaint are denied.

91.     The allegations of Paragraph 91 and sub-parts a. through c. of the Complaint are denied.

92.     The allegations of Paragraph 92 of the Complaint are denied.

93.     The allegations of Paragraph 93 of the Complaint are denied.

94.     The allegations of Paragraph 94 of the Complaint are denied.

## COUNT VII: NEGLIGENCE AND GROSS NEGLIGENCE
## OF JOHN AND JANE DOES 1-10

95. The allegations of Paragraph 95 of the Complaint are denied.

96. The allegations of Paragraph 96 of the Complaint are directed toward other unnamed defendants, a response is not required by this Defendant. To the extent that any of the allegations of Paragraph 96 are intended to imply liability on this Defendant, they are denied.

97. The allegations of Paragraph 97 of the Complaint are directed toward another unnamed defendants, a response is not required by this Defendant. To the extent that any of the allegations of Paragraph 97 are intended to imply liability on this Defendant, they are denied.

98. The allegations of Paragraph 98 of the Complaint are directed toward another unnamed defendants, a response is not required by this Defendant. To the extent that any of the allegations of Paragraph 98 are intended to imply liability on the Defendant, they are denied.

99. The allegations of Paragraph 99 are denied.

## COUNT VIII: NEGLIGENT INFLICTION OF EMOTIONAL
## DISTRESS BY ERICA WEARY, TEQUILA HALL, AND HARMONY RAFFEO

100. The allegations of Paragraph 100 of the Complaint are denied.

101. The allegations of Paragraph 101 of the Complaint are denied.

102. The allegations of Paragraph 102 of the Complaint are denied.

103. The allegations of Paragraph 103 of the Complaint are denied.

## COUNT IX: BATTERY BY JOHN AND JANE DOES 1-10

104. The allegations of Paragraph 104 of the Complaint are denied.

105.     The allegations of Paragraph 105 of the Complaint  are directed toward another unnamed defendants, a response is not required by this Defendant. To the extent that any of the allegations of Paragraph 105 are intended to imply liability on this Defendant, they are denied.

106.     The allegations of Paragraph 106 of the Complaint  are directed toward another unnamed defendants, a response is not required by this Defendant. To the extent that any of the allegations of Paragraph 106 are intended to imply liability on this Defendant, they are denied.

107.     The allegations of Paragraph 107 of the Complaint  are directed toward another unnamed defendants, a response is not required by this Defendant. To the extent that any of the allegations of Paragraph 107 are intended to imply liability on this Defendant, they are denied.

108.     The allegations of Paragraph 108 of the Complaint  are directed toward another unnamed defendants, a response is not required by this Defendant. To the extent that any of the allegations of Paragraph 108 are intended to imply liability on this Defendant, they are denied.

## COUNT VII: RES IPSA LOQUITUR

109.     The allegations of Paragraph 109 of the Complaint are denied.

110.     The allegations of Paragraph 110 of the Complaint are denied.

111.     The allegations of Paragraph 111 of the Complaint are denied.

112.     The allegations of Paragraph 112 of the Complaint are denied.

113.     The allegations of Paragraph 113 of the Complaint are denied.

114.     The allegations of Paragraph 114 of the Complaint are denied.

## PUNITIVE DAMAGES

115.     The allegations of Paragraph 115 of the Complaint are denied.

116.     The allegations of Paragraph 116 of the Complaint are denied.

## DAMAGES

117.     The allegations of Paragraph 117 and sub-parts a. through e. of the Complaint are denied.

## JURY DEMAND

118.     The allegations of Paragraph 118 of the Complaint are denied. Defendants state that Mississippi Code § 11-46-13(1) requires that claims brought under the Mississippi Torts Claims Act be decided without a jury.

The allegations of the unnumbered Paragraph of the Complaint, which beings with the phrase "WHEREFORE PREMISES CONSIDERED," are denied.

This, the 8th day of June, 2017.

Respectfully submitted,

**MISSISSIPPI DEPARTMENT OF HUMAN SERVICES, HARMONY RAFFEO, INDIVIDUALLY, AND AS AGENT FOR THE MISSISSIPPI DEPARTMENT OF HUMAN SERVICES, AND TEQUILA HALL, AS AGENT FOR MISSISSIPPI DEPARTMENT OF HUMAN SERVICES, DEFENDANTS**

BY:     PAGE, MANNINO, PERESICH
        & McDERMOTT, P.L.L.C.

BY:     _s/ Stephen G. Peresich_
        STEPHEN G. PERESICH, (MSB # 4114)
        JOHANNA M. MCMULLAN, (MSB # 9901)

## CERTIFICATE OF SERVICE

I, **STEPHEN G. PERESICH**, of the law firm of Page, Mannino, Peresich & McDermott, P.L.L.C., do hereby certify that I have this day electronically filed a true and correct copy of the foregoing **ANSWER AND DEFENSES OF MISSISSIPPI DEPARTMENT OF HUMAN SERVICES, HARMONY RAFFEO, INDIVIDUALLY, AND AS AGENT FOR THE MISSISSIPPI DEPARTMENT OF HUMAN SERVICES, AND TEQUILA HALL, AS AGENT FOR MISSISSIPPI DEPARTMENT OF HUMAN SERVICES TO COMPLAINT** with the Clerk of the Court using the MEC system, which sent notification of such filing to the following MEC participants:

> ***Attorney for Plaintiff***
> Edward Gibson, Esq.
> HAWKINS/GIBSON, PLLC
> 153 Main Street
> Bay St. Louis, MS 39520
> egibson@hgattorneys.com

This, the 8th day of June, 2017.

> *s/ Stephen G. Peresich*
> STEPHEN G. PERESICH

PAGE, MANNINO, PERESICH
& McDERMOTT, P.L.L.C.
759 Vieux Marche Mall
Post Office Drawer 289
Biloxi, Mississippi 39533
Telephone: (228) 374-2100
Facsimile:  (228) 432-5539
stephen.peresich@pmp.org