**ALEXANDRIA FAYE, INDIVIDUALLY**
**AND AS NEXT FRIEND AND ON**
**BEHALF OF O.F. AND K.S.**                                    **PLAINTIFFS**

**VERSUS**                          **CIVIL ACTION NO.: 1:17cv145 LG-RHW**

**MISSISSIPPI DEPARTMENT OF HUMAN**
**SERVICES, HARMONY RAFFEO, INDIVIDUALLY,**
**AND AS AGENT FOR THE MISSISSIPPI**
**DEPARTMENT OF HUMAN SERVICES, TEQUILA**
**HALL, AS AGENT FOR MISSISSIPPI DEPARTMENT OF HUMAN**
**SERVICES, ERICA WEARY, INDIVIDUALLY**
**AND AS AGENT FOR THE MISSISSIPPI DEPARTMENT**
**OF HUMAN SERVICES AND JOHN AND JANE DOES I-X**          **DEFENDANTS**

---

**AMENDED ANSWER AND DEFENSES**
**OF ERICA WEARY TO COMPLAINT**

---

**COMES NOW**, Defendant, Erica Weary, ("Defendant") and files this her Amended Answer

and Defenses to Plaintiff's Complaint as follows:

**PRELIMINARY DEFENSE**

The allegations of wrongdoing levied against Mississippi Department of Human Services

("DHS") licensed foster care parent, Erica Weary, are denied. Plaintiff has failed to present proof,

other than speculation, that O.F. or K.S. were sexually abused while in the custody of the DHS, its

employees or the licensed foster care parent. Defendant denies that there was any harm to the

children caused by Defendant.

**FIRST DEFENSE**

The Complaint fails to state a claim upon which relief can be granted against Defendant and

should therefore be dismissed according to Mississippi Rule of Civil Procedure 12(b)(6) and

12(b)(1). Defendant raises all other defenses under Mississippi Rule of Civil Procedure Rule 8 and 12(b).

## SECOND DEFENSE

Plaintiff's claims against the Defendant are barred due to insufficiency of process, insufficiency of service of process and/or failure of process and should therefore be dismissed.

## THIRD DEFENSE

Plaintiff's state law claims against the Defendant are barred by the Mississippi Tort Claims Act §§ 11-46-1, *et seq.* (as amended), and Defendant raises all defenses therein, including without limitation the notice requirements, (Miss. Code Ann. § 11-46-11), prohibition against individual liability, (Miss. Code Ann. §11-46-7(2)), the failure to exhaust administrative remedies (Miss. Code Ann. § 11-46-11), and the statute of limitations contained therein.

## FOURTH DEFENSE

The Plaintiff's claims are barred in whole or in part by the exemptions provided by the Mississippi Tort Claims Act, Mississippi Code Ann. §§ 11-46-1, *et seq.* (as amended), including without limitation, those contained in Mississippi Code Ann. § 11-46-9.

## FIFTH DEFENSE

The Defendant specifically pleads Mississippi Code Ann. § 11-46-9(1)(d) which exempts governmental entities from the waiver of sovereign immunity for claims based on the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a governmental entity or employee whether or not the discretion is abused.

## SIXTH DEFENSE

Plaintiff is not entitled to trial by jury in this action pursuant to Mississippi Code Ann. § 11-46-13(1).

## SEVENTH DEFENSE

To the extent Defendant may be found liable which is denied, Defendant asserts the limitations of liability and statutory cap found at Mississippi Code Ann. § 11-46-15.

## EIGHTH DEFENSE

To the extent Plaintiff may assert punitive damages against Defendant, such punitive damages are barred by Mississippi Code Ann. § 11-46-15(2) and cannot be assessed against the Defendant.

## NINTH DEFENSE

Under Mississippi Code Ann. § 11-46-15(2) attorneys' fees are not applicable in this action and cannot be assessed against this Defendant.

## TENTH DEFENSE

Under Mississippi Code Ann. § 11-46-15(2) costs are not applicable in this action and cannot be assessed against this Defendant.

## ELEVENTH DEFENSE

Under Mississippi Code Ann. § 11-46-15(2) prejudgment interest is not applicable in this action and cannot be assessed against this Defendant.

## TWELFTH DEFENSE

To the extent that the Complaint sufficiently alleges federal law claims, or if the Complaint is subsequently amended to sufficiently allege federal law claims, including but not limited to a

claim under 42 U.S.C. § 1983, those claims are barred by the Eleventh Amendment. DHS is entitled to sovereign immunity *as enshrined* by the Eleventh Amendment to the Constitution of the United States, which bars all of Plaintiff's federal claims against DHS. The statute of limitations has expired on any and all claims alleged under 42 U.S.C. § 1983.

## THIRTEENTH DEFENSE

The Defendant, the licensed foster care parent, acting in an official capacity, is entitled to sovereign immunity *as enshrined* by the Eleventh Amendment to the Constitution of the United States, which bars Plaintiff's official capacity claims against her.

## FOURTEENTH DEFENSE

Plaintiff's claims against the Defendant are barred by the doctrines of qualified immunity and/or individual statutory immunity.

## FIFTEENTH DEFENSE

Plaintiff's claims against the Defendant are barred because no established statutory or constitutional rights of Plaintiff, O.F. or K.S. have been violated, Defendant's actions at all relevant times were objectively reasonable in light of the law that was clearly established at the time of the actions complained and because Defendant did not knowingly violate any law.

## SIXTEENTH DEFENSE

Plaintiff has no private right of action against the Defendant or under 42 U.S.C. § 1983 for some or all of the claims alleged in the Complaint.

## SEVENTEENTH DEFENSE

Defendant is not a "person" for purposes of 42 U.S.C. § 1983.

## EIGHTEENTH DEFENSE

Licensed foster care parents acting in their official capacity are not "persons" for purposes of 42 U.S.C. § 1983.

## NINETEENTH DEFENSE

Under 42 U.S.C. § 1983, Plaintiff cannot recover damages from Defendant acting in her official capacity.

## TWENTIETH DEFENSE

The Plaintiff's claims are barred by the doctrines of res judicata, collateral estoppel and/or failure to exhaust administrative remedies. To the extent the Defendant complied with Youth Court orders, she has no liability.

## TWENTY-FIRST DEFENSE

Some or all of Plaintiff's claims are barred by the good faith immunity provided by Miss. Code Ann. § 43-21-355.

## TWENTY-SECOND DEFENSE

The actions of Alexandria Faye set in motion the cause of and need for the children to be placed in the custody of DHS. The alleged damages of which the Plaintiff complains were proximately caused or contributed to by the acts of individuals and/or entities other than the Defendant, whose acts constitute the proximate cause or independent intervening cause of Plaintiff's alleged injuries and damages. Defendant seeks apportionment pursuant to Mississippi Code Ann. § 85-5-7.

## TWENTY-THIRD DEFENSE

To the extent that Plaintiff may assert punitive damages against this Defendant, there should be no recovery of punitive damages against this Defendant because such recovery would violate:

a) The Eighth Amendment to the Constitution of the United States;

b) The Fourteenth Amendment to the Constitution of the United States;

c) The Fifth Amendment to the Constitution of the United States;

d) The Tenth Amendment to the Constitution of the United States;

e) The Eleventh Amendment to the Constitution of the United States; and

f) The Constitution of the State of Mississippi.

In addition, Defendant raises all rights and defenses to punitive damages claims as provided by Mississippi law and statute, including bifurcation.

## TWENTY-FOURTH DEFENSE

To the extent the Plaintiff, O.F. and K.S. have suffered any damages, which is denied, the sole proximate cause of such damages were the actions of individuals and/or entities over whom Defendant had and has no control. If such actions were not the sole proximate cause, then such actions were a substantial contributing cause of the alleged damages, if any. In addition, Plaintiff has a duty to minimize and mitigate their damages, if any.

## TWENTY-FIFTH DEFENSE

At all relevant times, Defendant did not act maliciously, arbitrarily or capriciously.

## TWENTY-SIXTH DEFENSE

At all relevant times, Defendant acted reasonably and in accordance with the law and did not breach any duty owed to the Plaintiff.

### TWENTY-SEVENTH DEFENSE

Defendant, at all relevant times, used the degree of care required of her under the law and is not liable in damages to Plaintiff.

### TWENTY-EIGHTH DEFENSE

Defendant asserts any and all applicable statutes of limitations under state or federal law, assumption of risk, and limitations of liability as a defense.

### TWENTY-NINTH DEFENSE

Defendant asserts that Plaintiff has failed to join a necessary party.

### THIRTIETH DEFENSE

The actions or inactions on the part of third parties were the sole, proximate and only cause of the incident complained of and the alleged damages, if any, sustained by the Plaintiff, O.F. or K.S.; and such actions or inactions were an independent cause or a superceding cause of the alleged damages, if any.

### THIRTY-FIRST DEFENSE

Defendant did not harm the Plaintiff, O.F. or K.S. The alleged damages of the Plaintiff resulted not from any negligence or breach of any legal duty on the part of the Defendant. Alternatively, Defendant is entitled to a comparative portion of responsibility, fault or causation as to the Plaintiff and other persons, including any third parties pursuant to Mississippi Code § 85-5-7. Further, Defendant is entitled to a credit, set off, indemnification, pro-rata reduction or percentage reduction for any amounts paid by third parties.

### THIRTY-SECOND DEFENSE

Defendant specifically pleads that she is not liable for negligence or wrongful acts of third parties, if any, including, but not limited to, Watch Me Grow Learning Center; although it is denied that any defendant was negligent.

### THIRTY-THIRD DEFENSE

The damages of Plaintiff, O.F. or K.S., if any, are due to one or more pre-existing conditions or diseases and/or other conditions unrelated to the incident(s) sued upon for which this Defendant is not responsible or liable.

### THIRTY-FOURTH DEFENSE

Defendant incorporates by reference herein, as fully set forth, all defenses, both affirmative and otherwise, raised, pleaded, or asserted by all other defendants.

### THIRTY FIFTH DEFENSE

A.      Plaintiff previously filed an identical lawsuit which was dismissed by the federal court in *Faye v. Mississippi Dept. of Human Services, et al.*, Civil Action No. 1;15-cv-429-HSO-JCG (S.D. Miss. Sept. 7, 2016), hereinafter referred to as "*Faye I* ".  Attached hereto is the *Memorandum Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss* [Exhibit "A" hereto], *Order Granting Defendants' Motion to Dismiss* [Exhibit "B" hereto], and *Final Judgment* [Exhibit "C" hereto]. The federal court specifically found that "Plaintiff's First Amended Complaint failed to allege facts as to the purported wrongful conduct attributable to each Defendant sufficient to state facially plausible claims to relief pursuant to Rule 12(b)(6). Plaintiff was warned that failure to file a Second Amended Complaint by August 26, 2016, could result in the dismissal of all Plaintiffs' claims . . . Plaintiff has not filed a Second Amended Complaint. Because Plaintiff

has not filed a Second Amended Complaint in accordance with the Court's Order, even after being warned that failure to do so may result in dismissal of her claims, the Court finds that dismissal without prejudice is warranted." See language from Exhibit "B".

As Plaintiff has failed to file a complaint in conformity with the federal court's Order, Plaintiff is in violation of the court's Order, and thus, this *Faye II* lawsuit should be dismissed with prejudice.

B.      Defendant raises the defenses of res judicata and collateral estoppel to the extent that this lawsuit, "Faye II", and its allegations, have been previously addressed and decided by the federal court in "*Faye I*".

C.      This answering Defendant would show this Court that the Plaintiff's "official capacity" claims asserted against her pursuant to 42 U.S.C. § 1983 are due to be dismissed pursuant to the provisions of Rule 12, Fed. R. Civ. P. An official capacity suit is to be treated as a suit against the entity, which in this case is a Department of the State of Mississippi. The State is not subject to suit under Section 1983 because the State is not a "person". As such, Defendant Weary is entitled to a dismissal of any and all claims under Section 1983 asserted against her in her official capacity. Further, this Defendant would show that this Court lacks subject matter jurisdiction to adjudicate any of the claims asserted against her in her official capacity under 42 U.S.C. § 1983 provided by the Eleventh Amendment to the United States Constitution. Further, all MTCA claims should be dismissed as well. As such, this Defendant would show that the claims asserted herein against her in her official capacity and individually are due to be dismissed pursuant to the provisions of Rules 12(b)(1) and 12(b)(6), Fed. R. Civ. P.

D.      This Defendant would further show that there is no reasonable basis to have joined her in this second suit and this Defendant is entitled to damages (costs, attorney's fees and sanctions) under the provisions of Federal Rule 11 and the Mississippi Litigation Accountability Act, MCA § 11-55-1. Specifically, the Plaintiff is aware that this Defendant did nothing wrong in caring for these children about which the Complaint herein is made and, to the extent that she participated in any manner complained of, she is immune and/or entitled to qualified immunity. Attached here as Exhibit "D" is counsel's letter which has been ignored by Plaintiff by the re-filing of this frivolous lawsuit. Plaintiff should be sanctioned for this frivolous, duplicated litigation.

### THIRTY-SIXTH DEFENSE

Plaintiff's claims of intentional conduct and assault and battery are barred by the one-year statute of limitations in Mississippi Code Ann. § 15-1-35.

### THIRTY-SEVENTH DEFENSE

Defendant, at all times relevant to Faye's clams, was an MDHS foster parent. Miss. Code Ann. §11-46-1 (the term "employee" shall also include MDHS licensed foster parents for purposes of coverage under the MTCA as provided in § 11-46-8). Thus, this Defendant has immunity under the MTCA.

### AMENDED ANSWER TO COMPLAINT PARAGRAPHS

Without waiving any of the defenses raised herein above, this Defendant denies the introductory paragraph of the Complaint, and answers the allegations of the Complaint, paragraph by paragraph as follows:

## **PARTIES**

1.     This Defendant is without sufficient information and knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 1 of the Complaint and are therefore denied.

2.     This Defendant is without sufficient information and knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 2 of the Complaint and are therefore denied.

3.     This Defendant is without sufficient information and knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 3 of the Complaint and are therefore denied.

4.     This Defendant is without sufficient information and knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 4 of the Complaint and are therefore denied.

5.     This Defendant is without sufficient information and knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 5 of the Complaint and are therefore denied.

6.     This Defendant is without sufficient information and knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 6 of the Complaint and are therefore denied.

7.     The allegations of Paragraph 7 of the Complaint are denied as written, except to admit that Erica Weary was a licensed foster parent at the time of this alleged incident.

8.     This Defendant is without sufficient information and knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 8 of the Complaint and are therefore denied.

## **JURISDICTION, VENUE AND NOTICE**

9.     The allegations of Paragraph 9 of the Complaint are denied as jurisdiction is proper in federal court.

10.    The allegations of Paragraph 10 of the Complaint are denied, except to admit that this Defendant resides in Mississippi.

11.    The allegations of Paragraph 11 are denied.

12.    The allegations of Paragraph 12 of the Complaint are denied.

## **FACTS**

13.     This Defendant is without sufficient information and knowledge to form a belief as to the truth or falsity of the allegations of Paragraph 13 of the Complaint and are therefore denied.

14.    This Defendant is without sufficient information and knowledge to form a belief as to the truth or falsity of the allegations of Paragraph 14 of the Complaint and are therefore denied.

15.    This Defendant is without sufficient information and knowledge to form a belief as to the truth or falsity of the allegations of Paragraph 15 of the Complaint and are therefore denied.

16.     This Defendant is without sufficient information and knowledge to form a belief as to the truth or falsity of the allegations of Paragraph 16 of the Complaint and are therefore denied.

17.    This Defendant is without sufficient information and knowledge to form a belief as to the truth or falsity of the allegations of Paragraph 17 of the Complaint and are therefore denied.

18.     This Defendant is without sufficient information and knowledge to form a belief as to the truth or falsity of the allegations of Paragraph 18 of the Complaint and are therefore denied.

19.     This Defendant is without sufficient information and knowledge to form a belief as to the truth or falsity of the allegations of Paragraph 19 of the Complaint and are therefore denied.

20.     This Defendant is without sufficient information and knowledge to form a belief as to the truth or falsity of the allegations of Paragraph 20 of the Complaint and are therefore denied.

21.     The allegations of Paragraph 21 of the Complaint are denied except to admit that O.F. and K.S. were placed in the foster care of this Defendant.

22.     This Defendant is without sufficient information and knowledge to form a belief as to the truth or falsity of the allegations of Paragraph 22 of the Complaint and are therefore denied.

23.     This Defendant is without sufficient information and knowledge to form a belief as to the truth or falsity of the allegations of Paragraph 23 of the Complaint and are therefore denied.

24.     This Defendant is without sufficient information and knowledge to form a belief as to the truth or falsity of the allegations of Paragraph 24 of the Complaint and are therefore denied.

25.     This Defendant is without sufficient information and knowledge to form a belief as to the truth or falsity of the allegations of Paragraph 25 of the Complaint and are therefore denied.

26.     The allegations of Paragraph 26 of the Complaint are denied except that, on information and belief, O.F. and K.S. were taken to Garden Park Medical Center on June 11, 2014, which records speak for themselves.

27.     This Defendant is without sufficient information and knowledge to form a belief as to the truth or falsity of the allegations of Paragraph 27 of the Complaint and are therefore denied.

28.     This Defendant is without sufficient information and knowledge to form a belief as to the truth or falsity of the allegations of Paragraph 28 of the Complaint and are therefore denied.

29.     This Defendant is without sufficient information and knowledge to form a belief as to the truth or falsity of the allegations of Paragraph 29 of the Complaint and are therefore denied.

30.     Defendant is without sufficient information and knowledge to form a belief as to the truth or falsity of the allegations of Paragraph 30 of the Complaint and are therefore denied.

31.     This Defendant is without sufficient information and knowledge to form a belief as to the truth or falsity of the allegations of Paragraph 31 of the Complaint and are therefore denied.

32.     This Defendant is without sufficient information and knowledge to form a belief as to the truth or falsity of the allegations of Paragraph 32 of the Complaint and are therefore denied.

33.     This Defendant is without sufficient information and knowledge to form a belief as to the truth or falsity of the allegations of Paragraph 33 of the Complaint and are therefore denied.

34.     This Defendant is without sufficient information and knowledge to form a belief as to the truth or falsity of the allegations of Paragraph 34 of the Complaint and are therefore denied.

35.     This Defendant is without sufficient information and knowledge to form a belief as to the truth or falsity of the allegations of Paragraph 35 of the Complaint and are therefore denied.

36.     This Defendant is without sufficient information and knowledge to form a belief as to the truth or falsity of the allegations of Paragraph 36 of the Complaint and are therefore denied.

37.     This Defendant is without sufficient information and knowledge to form a belief as to the truth or falsity of the allegations of Paragraph 37 of the Complaint and are therefore denied.

38.     This Defendant is without sufficient information and knowledge to form a belief as to the truth or falsity of the allegations of Paragraph 38 of the Complaint and are therefore denied.

39. The allegations of Paragraph 39 of the Complaint are denied.

40. To the extent that the allegations of Paragraph 40 of the Complaint are directed toward this Defendant, they are denied. This Defendant is without sufficient information and knowledge to form a belief as to the truth or falsity of the remaining allegations of Paragraph 40 of the Complaint and are therefore denied.

41. To the extent that the allegations of Paragraph 41 of the Complaint are directed toward this Defendant, they are denied. This Defendant is without sufficient information and knowledge to form a belief as to the truth or falsity of the remaining allegations of Paragraph 41 of the Complaint and are therefore denied.

42. To the extent that the allegations of Paragraph 42 of the Complaint are directed toward this Defendant, they are denied. This Defendant is without sufficient information and knowledge to form a belief as to the truth or falsity of the remaining allegations of Paragraph 42 of the Complaint and are therefore denied.

43. To the extent that the allegations of Paragraph 43 of the Complaint are directed toward this Defendant, they are denied. This Defendant is without sufficient information and knowledge to form a belief as to the truth or falsity of the remaining allegations of Paragraph 43 of the Complaint and are therefore denied.

44. The allegations of Paragraph 44 of the Complaint are denied as the medical record speaks for itself; O.F. and K.S. were in the custody of DHS staying at the home of this Defendant, a licensed foster care parent, otherwise the allegations are denied as phrased.

45. The allegations of Paragraph 45 of the Complaint are denied.

46. The allegations of Paragraph 46 of the Complaint are denied.

47.     The allegations of Paragraph 47 of the Complaint are denied.

48.     The allegations of Paragraph 48 of the Complaint are denied.

49.     The allegations of Paragraph 49 of the Complaint are denied.

50.     The allegations of Paragraph 50 of the Complaint are denied.

51.     The allegations of Paragraph 51 of the Complaint are denied.

52.     The allegations of Paragraph 52 of the Complaint are denied.

**CLAIMS**
**COUNT I: NEGLIGENCE AND GROSS NEGLIGENCE OF THE MDHS THE**
**MISSISSIPPI TORTS CLAIM ACT**

53.     The allegations of  Paragraph 53 of the Complaint  are denied.

54.     This Defendant is without sufficient information and knowledge to form a belief as to the truth or falsity of the allegations of Paragraph 54 of the Complaint and are therefore denied.

55.     This Defendant is without sufficient information and knowledge to form a belief as to the truth or falsity of the allegations of Paragraph 55 of the Complaint and are therefore denied.

56.     This Defendant is without sufficient information and knowledge to form a belief as to the truth or falsity of the allegations of Paragraph 56 of the Complaint and are therefore denied.

57.     This Defendant is without sufficient information and knowledge to form a belief as to the truth or falsity of the allegations of Paragraph 57 of the Complaint and are therefore denied.

58.     This Defendant is without sufficient information and knowledge to form a belief as to the truth or falsity of the allegations of Paragraph 58 and sub-parts a. through e. of the Complaint and are therefore denied.

59.     The allegations of  Paragraph 59 of the Complaint are denied.

60.     The allegations of  Paragraph 60 of the Complaint are denied.

61.     The allegations of Paragraph 61 of the Complaint are denied.

62.     The allegations of Paragraph 62 of the Complaint are denied.

## COUNT II: DEPRIVATION OF FOURTEENTH AMENDMENT CONSTITUTIONAL RIGHTS BY HARMONY RAFFEO UNDER 42 U.S.C. § 1983

63.     The allegations of Paragraph 63 of the Complaint are denied.

64.     The allegations of Paragraph 64 are not directed toward this Defendant and therefore a response is not required. To the extent that any of the allegations of Paragraphs 64 of the Complaint are intended to imply any liability on this Defendant, they are denied.

65.     The allegations of Paragraph 65 are not directed toward this Defendant and therefore a response is not required. To the extent that any of the allegations of Paragraphs 65 of the Complaint are intended to imply any liability on this Defendant, they are denied.

66.     The allegations of Paragraph 66 and sub-parts a. through f. are not directed toward this Defendant and therefore a response is not required. To the extent that any of the allegations of Paragraphs 66 of the Complaint are intended to imply any liability on this Defendant, they are denied.

67.     The allegations of Paragraph 67 are not directed toward this Defendant and therefore a response is not required. To the extent that any of the allegations of Paragraphs 67 of the Complaint are intended to imply any liability on this Defendant, they are denied.

68.     The allegations of Paragraph 68 are not directed toward this Defendant and therefore a response is not required. To the extent that any of the allegations of Paragraphs 68 of the Complaint are intended to imply any liability on this Defendant, they are denied.

69.     The allegations of Paragraph 69 are not directed toward this Defendant and therefore a response is not required. To the extent that any of the allegations of Paragraphs 69 of the Complaint are intended to imply any liability on this Defendant, they are denied.

## COUNT III: DEPRIVATION OF FOURTEENTH AMENDMENT CONSTITUTIONAL RIGHTS BY TEQUILA HALL UNDER 42 U.S.C. § 1983

70.     The allegations of Paragraph 70 of the Complaint are denied.

71.     Inasmuch as the allegations of Paragraphs 71 of the Complaint are directed toward another defendant, a response is not required. To the extent that any of the allegations of Paragraphs 71 of the Complaint are intended to imply any liability on this Defendant, they are denied.

72.     Inasmuch as the allegations of Paragraphs 72 of the Complaint are directed toward another defendant, a response is not required. To the extent that any of the allegations of Paragraphs 72 of the Complaint are intended to imply any liability on the Defendant, they are denied.

73.     Inasmuch as the allegations of Paragraphs 73 and its sub-parts a. through f. of the Complaint are directed toward another defendant, a response is not required. To the extent that any of the allegations of Paragraphs 73 and its sub-parts a. through f. of the Complaint are intended to imply any liability on this Defendant, they are denied.

74.     Inasmuch as the allegations of Paragraphs 74 of the Complaint are directed toward another defendant, a response is not required. To the extent that any of the allegations of Paragraphs 74 of the Complaint are intended to imply any liability on this Defendant, they are denied.

75.     Inasmuch as the allegations of Paragraphs 75 of the Complaint are directed toward another defendant, a response is not required. To the extent that any of the allegations of Paragraphs 75 of the Complaint are intended to imply any liability on this Defendant, they are denied.

76.     Inasmuch as the allegations of Paragraphs 76 of the Complaint are directed toward another defendant, a response is not required. To the extent that any of the allegations of Paragraphs 76 of the Complaint are intended to imply any liability on this Defendant, they are denied.

## COUNT IV: DEPRIVATION OF FOURTEENTH AMENDMENT CONSTITUTIONAL RIGHTS BY JOHN AND JANE DOES 1-10 UNDER 42 U.S.C. § 1983

77.     The allegations of Paragraph 77 of the Complaint are denied.

78.     Inasmuch as the allegations of Paragraphs 78 of the Complaint are directed toward another unnamed defendants, a response is not required. To the extent that any of the allegations of Paragraphs 78 of the Complaint are intended to imply any liability on this Defendant, they are denied

79.     Inasmuch as the allegations of Paragraphs 79 of the Complaint are directed toward another unnamed defendants, a response is not required. To the extent that any of the allegations of Paragraphs 79 of the Complaint are intended to imply any liability on this Defendant, they are denied.

80.     Inasmuch as the allegations of Paragraphs 80 and sub-parts a. through f. of the Complaint are directed toward another unnamed defendants, a response is not required. To the extent that any of the allegations of Paragraphs 80 of the Complaint are intended to imply any liability on this Defendant, they are denied.

81.     Inasmuch as the allegations of Paragraphs 81 of the Complaint are directed toward another unnamed defendants, a response is not required. To the extent that any of the allegations of Paragraphs 81 of the Complaint are intended to imply any liability on this Defendant, they are denied.

82.     Inasmuch as the allegations of Paragraphs 82 of the Complaint are directed toward another unnamed defendants, a response is not required. To the extent that any of the allegations of Paragraphs 82 of the Complaint are intended to imply any liability on this Defendant, they are denied.

83.     Inasmuch as the allegations of Paragraphs 83 of the Complaint are directed toward another unnamed defendants, a response is not required. To the extent that any of the allegations of Paragraphs 83 of the Complaint are intended to imply any liability on this Defendant, they are denied.

## COUNT V: DEPRIVATION OF FOURTEENTH AMENDMENT CONSTITUTIONAL RIGHTS BY ERICA WEARY UNDER 42 U.S.C. § 1983

84.     The allegations of Paragraph 84 of the Complaint are denied.

85.     The allegations of Paragraph 85 of the Complaint are denied.

85.     The allegations of second Paragraph 85 of the Complaint are denied.

86.     The allegations of Paragraph 86 and sub-parts a. through c. of the Complaint are denied.

87.     The allegations of Paragraph 87 of the Complaint are denied.

88.     The allegations of Paragraph 88 of the Complaint are denied.

89.     The allegations of Paragraph 89 of the Complaint are denied.

## COUNT VI: NEGLIGENCE AND GROSS NEGLIGENCE OF ERICA WEARY

90.     The allegations of Paragraph 90 of the Complaint are denied.

91.     The allegations of Paragraph 91 and sub-parts a. through c. of the Complaint are denied.

92. The allegations of Paragraph 92 of the Complaint are denied.

93. The allegations of Paragraph 93 of the Complaint are denied.

94. The allegations of Paragraph 94 of the Complaint are denied.

## COUNT VII: NEGLIGENCE AND GROSS NEGLIGENCE
## OF JOHN AND JANE DOES 1-10

95. The allegations of Paragraph 95 of the Complaint are denied.

96. The allegations of Paragraph 96 of the Complaint are directed toward other unnamed defendants, a response is not required by this Defendant. To the extent that any of the allegations of Paragraph 96 are intended to imply liability on this Defendant, they are denied.

97. The allegations of Paragraph 97 of the Complaint are directed toward another unnamed defendants, a response is not required by this Defendant. To the extent that any of the allegations of Paragraph 97 are intended to imply liability on this Defendant, they are denied.

98. The allegations of Paragraph 98 of the Complaint are directed toward another unnamed defendants, a response is not required by this Defendant. To the extent that any of the allegations of Paragraph 98 are intended to imply liability on the Defendant, they are denied.

99. The allegations of Paragraph 99 are denied.

## COUNT VIII: NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS BY ERICA
## WEARY, TEQUILA HALL, AND HARMONY RAFFEO

100. The allegations of Paragraph 100 of the Complaint are denied.

101. The allegations of Paragraph 101 of the Complaint are denied.

102. The allegations of Paragraph 102 of the Complaint are denied.

103. The allegations of Paragraph 103 of the Complaint are denied.

## COUNT IX: BATTERY BY JOHN AND JANE DOES 1-10

104.     The allegations of Paragraph 104 of the Complaint are denied.

105.     The allegations of Paragraph 105 of the Complaint  are directed toward another unnamed defendants, a response is not required by this Defendant. To the extent that any of the allegations of Paragraph 105 are intended to imply liability on this Defendant, they are denied.

106.     The allegations of Paragraph 106 of the Complaint  are directed toward another unnamed defendants, a response is not required by this Defendant. To the extent that any of the allegations of Paragraph 106 are intended to imply liability on this Defendant, they are denied.

107.     The allegations of Paragraph 107 of the Complaint  are directed toward another unnamed defendants, a response is not required by this Defendant. To the extent that any of the allegations of Paragraph 107 are intended to imply liability on this Defendant, they are denied.

108.     The allegations of Paragraph 108 of the Complaint  are directed toward another unnamed defendants, a response is not required by this Defendant. To the extent that any of the allegations of Paragraph 108 are intended to imply liability on this Defendant, they are denied.

## COUNT VII: RES IPSA LOQUITUR

109.     The allegations of Paragraph 109 of the Complaint are denied.

110.     The allegations of Paragraph 110 of the Complaint are denied.

111.     The allegations of Paragraph 111 of the Complaint are denied.

112.     The allegations of Paragraph 112 of the Complaint are denied.

113.     The allegations of Paragraph 113 of the Complaint are denied.

114.     The allegations of Paragraph 114 of the Complaint are denied.

## PUNITIVE DAMAGES

115.     The allegations of Paragraph 115 of the Complaint are denied.

116. The allegations of Paragraph 116 of the Complaint are denied.

## DAMAGES

117. The allegations of Paragraph 117 and sub-parts a. through e. of the Complaint are denied.

## JURY DEMAND

118. The allegations of Paragraph 118 of the Complaint are denied.

The allegations of the unnumbered Paragraph of the Complaint, which beings with the phrase "WHEREFORE PREMISES CONSIDERED," are denied.

HAVING set forth this Amended Answers and Defenses to the Complaint, this Defendant denies that she is indebted to the Plaintiffs in any amount whatsoever, and pray that this Court will enter an Order dismissing the Complaint with prejudice to the rights of the Plaintiffs herein, and assessing all costs and attorney fees against the Plaintiffs as allowed by law.

This, the 8th day of June, 2017.

Respectfully submitted,

**DEFENDANT ERICA WEARY**

BY: PAGE, MANNINO, PERESICH
      & McDERMOTT, P.L.L.C.

BY: _s/ Stephen G. Peresich_
      STEPHEN G. PERESICH, MSB # 4114
      JOHANNA M. MCMULLAN, MSB # 9901

PAGE, MANNINO, PERESICH,
& McDERMOTT, P.L.L.C.
Post Office Drawer 289
Biloxi, MS 39533
(228) 374-2100
(228) 432-5539
stephen.peresich@pmp.org
johanna.mcmullan@pmp.org

## <u>CERTIFICATE OF SERVICE</u>

I, **STEPHEN G. PERESICH**, of the law firm of Page, Mannino, Peresich & McDermott,

P.L.L.C., do hereby certify that I have this day electronically filed a true and correct copy of the

foregoing **AMENDED ANSWER AND DEFENSES OF ERICA WEARY TO COMPLAINT**

with the Clerk of the Court using the MEC system, which sent notification of such filing to the

following MEC participants::

> ***<u>Attorney for Plaintiff</u>***
> Edward Gibson, Esq.
> HAWKINS/GIBSON, PLLC
> 153 Main Street
> Bay St. Louis, MS 39520
> egibson@hgattorneys.com

This, the 8th day of June, 2017.

                                     *s/ Stephen G. Peresich*
                                     STEPHEN G. PERESICH

PAGE, MANNINO, PERESICH
& McDERMOTT, P.L.L.C.
759 Vieux Marche Mall
Post Office Drawer 289
Biloxi, Mississippi 39533
Telephone: (228) 374-2100
Facsimile:  (228) 432-5539
stephen.peresich@pmp.org