## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

**ALEXANDRIA FAYE, Individually
and as Next Friend and On Behalf
of O.F. and K.S.**                                                      **PLAINTIFF**

**v.**                                               **CAUSE NO. 1:17cv145-LG-RHW**

**MISSISSIPPI DEPARTMENT OF
HUMAN SERVICES; HARMONY
RAFFEO, individually and as agent
for the Mississippi Department of
Human Services; TEQUILA HALL,
as agent for Mississippi
Department of Human Services;
ERICA WEARY, individually and as
agent for Mississippi Department
of Human Services; and JOHN AND
JANE DOES I-X**                                                       **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER GRANTING
## DEFENDANTS' MOTION TO DISMISS AND GRANTING
## PLAINTIFF LEAVE TO FILE AN AMENDED COMPLAINT

**BEFORE THE COURT** is the [7] Motion to Dismiss filed by Mississippi

Department of Human Services ("MDHS"), Tequila Hall, Harmony Raffeo, and

Erica Weary, in this lawsuit filed as a result of the alleged sexual assault of one or

more children who were in foster care. The parties have fully briefed the Motion.

After reviewing the Motion, the record in this matter, and the applicable law, the

Court finds that the Motion to Dismiss should be granted, but that the plaintiff

Alexandria Faye, Individually and as Next Friend of O.F. and K.S., should be

granted permission to file an amended complaint.

# BACKGROUND

## I. FACTUAL ALLEGATIONS

Alexandria Faye filed this lawsuit against the defendants on behalf of herself and her two minor daughters. Her [1-2] Complaint contains the following allegations:

Faye was arrested on February 19, 2014, and MDHS filed a petition to remove her daughters — O.F., who was then one year old, and K.S., who was then two years old, — from Faye's custody. The Hancock County Youth Court granted the petition, placing O.F. and K.S. in MDHS custody. MDHS, Hall, Raffeo, and John and Jane Does told the Youth Court that the only residents of the home of foster parent Erica Weary were Weary and her minor son. However, other unidentified persons resided in Weary's home. MDHS and its employees, Hall and Raffeo, as well as potential John and Jane Does placed O.F. and K.S. in Weary's home. MDHS, Hall, Raffeo, and John and Jane Does failed to appropriately screen the Weary home for the placement of O.F. and K.S., and these defendants failed to properly inspect the Weary home at regular intervals.

In 2014, Raffeo notified Faye that she was transporting the children to the hospital so that they could be tested for gonorrhea. (Compl. at 5, ECF No. 1-2).[1] Raffeo told hospital staff that O.F. had tested positive for gonorrhea at a health clinic. MDHS, Raffeo, Hall, and John and Jane Does also "declined an examination

---

[1] It is unclear whether O.F. was diagnosed in June or July 2014, because conflicting dates are provided in the Complaint.

by medical personnel for sexual assault." (*Id.*) MDHS, Hall, Raffeo, and John and Jane Does reported that the assault occurred at the Weary home. Subsequently, Faye and a social worker took the children to the Children's Hospital of New Orleans. "Medical staff treated K.S. prophylactically for gonorrhea due to the fact that no facility was able to collect a urine specimen from K.S. for sexual infections prior to treatment." (*Id.* at 6). O.F.'s medical records state that she "most likely contracted [gonorrhea] while in foster care based on symptomology and timeline provided." (*Id.*) O.F. tested positive for gonorrhea at three different medical facilities. Faye tested negative for gonorrhea on two occasions. "MDHS substantiated sexual abuse suffered by the minor children, but did not substantiate the source." (*Id.*) Gonorrhea is only transmitted by sexual contact; thus, the children were sexually assaulted. Gonorrhea has an incubation period of two to five days, but the children were in MDHS custody for almost four months before the gonorrhea diagnosis. "It is medically concluded that O.F. and K.S. contacted [sic] gonorrhea while in MDHS and Hancock County DHS custody." (*Id.* at 7).[2]

Faye claims that the defendants failed to follow their own policies and procedures when they (1) failed to conduct appropriate background checks as to all individuals who would reside in the foster home where the children were placed; (2) failed to conduct periodic inspections of the foster home; (3) failed to properly screen the foster home; and (4) failed to conduct periodic inspections of the Watch Me Grow

---

[2] At times the Complaint appears to allege that only O.F. was definitively diagnosed with gonorrhea and that K.S. was treated prophylactically but at other times it alleges that both children were diagnosed and therefore sexually abused.

Learning Center daycare center.[3]  She alleges that the John and Jane Doe defendants molested the children.

## II. PROCEDURAL HISTORY

Faye filed her first lawsuit on August 25, 2015, in the Circuit Court of Hancock County, Mississippi.  The case was removed to this Court and assigned cause number 1:15cv429-HSO-JCG.  Several of the defendants filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6).  On August 10, 2016, Judge Halil Suleyman Ozerden determined that the First Amended Complaint filed in that lawsuit did "not contain sufficient facts as to the purported wrongful conduct attributable to each Defendant, nor is it clear which constitutional rights were allegedly violated by each Defendant."  (Mem. Op. & Order at 8, ECF No. 40, Cause NO. 1:15cv429-HSO-JCG).  Judge Ozerden granted Faye leave to file a second amended complaint, but Faye failed to comply with the Court's deadline.  Therefore, Judge Ozerden dismissed the lawsuit without prejudice.

Faye filed the present lawsuit in the Circuit Court of Hinds County, Mississippi, First Judicial District.  The case was transferred to the Circuit Court of Harrison County, Mississippi, and then removed to this Court.  Faye attempts to assert the following claims: 42 U.S.C. § 1983 claims for deprivation of Fourteenth

---

[3] The present Complaint does not specifically state that the children attended this daycare center or that the children were abused while at the daycare center. However, in her First Amended Complaint filed in a prior lawsuit, Faye included the daycare as a defendant and alleged "K.S. and O.F. were molested while in the care of Watch Me Grow Learning Center."  (1st Am. Compl., ECF No. 1-3, Cause No. 1:15cv429-HSO-JCG).

Amendment rights filed against Raffeo, Hall, Weary, and John and Jane Does; claims of negligence and gross negligence filed against MDHS, Weary, and John and Jane Does; claims of negligent infliction of emotional distress filed against Weary, Hall, and Raffeo; and a battery claim filed against John and Jane Does.[4] The defendants have filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6).

## DISCUSSION

To survive a motion to dismiss filed pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). In considering a Rule 12(b)(6) motion, a court must accept all well-pleaded facts as true and view those facts in the light most favorable to plaintiff. *King-White v. Humble Indep. Sch. Dist.*, 803 F.3d 754, 758 (5th Cir. 2015). "The court's task is to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

---

[4] Faye initially attempted to plead a claim for res ipsa loquitor, but she now admits that this is an evidentiary rule, not a cause of action.

# I. FAYE'S SECTION 1983 CLAIMS

## A. OFFICIAL CAPACITY CLAIMS

Faye concedes that her Section 1983 claims against Hall and Raffeo in their official capacities should be dismissed. She has not attempted to assert a Section 1983 claim against MDHS.

## B. SECTION 1983 CLAIMS FILED AGAINST WEARY

"There are three elements to establish liability through a Section 1983 action. There must be (1) a deprivation of a right secured by federal law (2) that occurred under color of state law, and (3) was caused by a state actor." *Victoria W. v. Larpenter*, 369 F.3d 475, 482 (5th Cir. 2004). "[S]tate action may be found if, though only if, there is such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself." *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001) (citation and quotation marks omitted). This Court previously held that a foster parent was not a state actor for purposes of section 1983. *Faulkner v. Miss. Dep't of Human Servs.*, No. 1:16cv158-LG-RHW, 2016 WL 3661521, at *2 (S.D. Miss. July 5, 2016) (citing *Rayburn v. Hogue*, 241 F.3d 1341, 1348 (11th Cir. 2001); *Milburn v. Anne Arundel Cty. Dep't of Soc. Servs.*, 871 F.2d 474, 479 (4th Cir. 1989)).

Faye argues that Weary should be considered a state actor pursuant to the entwinement doctrine. In support of this argument, Faye relies on *Howard v. Malac*, 270 F. Supp. 2d 132 (D. Mass. 2003). However, in *Howard*, the plaintiff

alleged that state officials knew that the foster parent was abusing the child and that the state officials colluded with the foster parent to cover up the abuse. *Id.* at 144. As the court in *Howard* explained, the entwinement test requires a court to "focus specifically on the state's involvement in the challenged conduct at issue." *Id.* at 145. Faye's Complaint does not contain any allegations that the MDHS defendants knew that Faye's children were being abused or that they acted in concert with Weary to cover up the abuse. Therefore, *Howard* is distinguishable from the present lawsuit.

Faye also argues that Weary is a state actor, because foster parents are governed by state statutes. This argument has been properly rejected by other courts. *See, e.g., Marr ex rel. Marr v. Schofield*, 307 F. Supp. 2d 130, 134 (D. Me. 2004).

In support of her section 1983 claim, Faye, on behalf of herself and her daughters, alleges that Weary failed to:

> (a) . . . properly monitor, direct, and supervise her household and follow the procedures of [MDHS] and its subdivisions thus depriving members of the public, including the Plaintiff, of their rights under the United States Constitution;
>
> (b) . . . provide reasonable protection from physical injury to O.F. and K.S. in order to avoid the risk of harm to them under the circumstances then and there existing, thus depriving members of the public, including the Plaintiff, of their rights under the United States and Mississippi Constitutions; [and]
>
> (c) . . . supervise, investigate, and screen the foster home of O.F. and K.S. thus depriving members of the public, including the Plaintiff of their rights under the United States and Mississippi Constitutions.

(Compl. at 18, ECF No. 1-2). Thus, like the plaintiff in *Faulkner*, Faye alleges that

Weary's actions violated MDHS policy and her sole basis for alleging that Weary is

a state actor is that she was a foster parent. Faye's Complaint does not contain

sufficient allegations supporting a claim against Weary pursuant to 42 U.S.C. §

1983. Therefore, Faye's § 1983 claims against Weary are dismissed pursuant to

Fed. R. Civ. P. 12(b)(6).

## C. INDIVIDUAL CAPACITY CLAIMS AGAINST HALL AND RAFFEO

Faye attempts to assert § 1983 claims against Hall and Raffeo in their

individual capacities, alleging that these defendants violated Faye and her

daughters' right to family integrity. She also alleges that Raffeo and Hall denied

their right to due process by failing to provide safe living conditions for the children.

Faye claims that Hall and Raffeo failed to properly investigate, monitor, supervise,

and screen the children's foster home. Faye also alleges that these defendants

failed to protect Faye and her daughters from physical injury. Hall and Raffeo

argue that they are entitled to qualified immunity.

Qualified immunity protects governmental officials from individual liability

"as long as their actions could reasonably have been thought consistent with the

rights they are alleged to have violated." *Good v. Curtis*, 601 F.3d 393, 400 (5th Cir.

2010). "[Q]ualified immunity generally protects 'all but the plainly incompetent or

those who knowingly violate the law.'" *Id.* (quoting *Malley v. Briggs*, 475 U.S. 335,

341 (1986)).

"The basic steps of this court's qualified-immunity inquiry are well-known: a plaintiff seeking to defeat qualified immunity must show: (1) that the official violated a statutory or constitutional right, and (2) that the right was clearly established at the time of the challenged conduct." *Anderson v. Valdez*, 845 F.3d 580, 599-600 (5th Cir. 2016). "At the 12(b)(6) stage, to hold that the defendant violated the law at step one of the qualified-immunity analysis means . . . that the plaintiff has stated a claim upon which relief may be granted." *Morgan v. Swanson*, 659 F.3d 359, 384 (5th Cir. 2011). "Thus, a plaintiff seeking to overcome qualified immunity must plead specific facts that both allow the court to draw the reasonable inference that the defendant is liable for the harm he has alleged and that defeat a qualified immunity defense with equal specificity." *Hinojosa v. Livingston*, 807 F.3d 657, 664 (5th Cir. 2015).

The defendants claim that Faye's Complaint "contains virtually no facts establishing either that the conduct complained of is a violation of a constitutional right or that Hall and Raffeo acted in such a way to establish liability for any constitutional violation." (Defs.' Mem. at 20, ECF No. 8). They further assert that Faye is merely speculating about Hall and Raffeo's conduct and her claims are based on conclusory facts and unsupported legal conclusions.

Fed. R. Civ. P. 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550

U.S. at 570). A complaint is "plausible on its face" only if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Although the complaint need not articulate "detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Bosarge v. Miss. Bureau of Narcotics*, 796 F.3d 435, 439 (5th Cir. 2015) (quoting *Iqbal*, 556 U.S. at 678).

> With regard to the right to family integrity, the Fifth Circuit has explained:

> That the Constitution protects family relationships and a parent's right to the care, custody, control, and management of their children is well-established. Indeed, the Supreme Court recognized in *Stanley v. Illinois* that "[t]he integrity of the family unit has found protection in the Due Process Clause of the Fourteenth Amendment . . . ." We recognized in *Hodorowski v. Ray* the "most essential basic aspect of familial privacy — the right of the family to remain together without the coercive interference of the awesome power of the state."

*Wooley v. City of Baton Rouge*, 211 F.3d 913, 920-21 (5th Cir. 2000) (quoting *Stanley v. Illinois*, 405 U.S. 645 (1972); *Hodorowski v. Ray*, 844 F.2d 1210, 1216 (5th Cir. 1988)). Faye's claim that Raffeo and Hall violated the children's rights to personal security and reasonably safe living conditions in foster care is a substantive due process claim that requires proof that Hall and Raffeo acted with deliberate indifference toward the children. *Hall v. Smith*, 497 F. App'x 366, 377 (5th Cir. 2012).

> To act with deliberate indifference, a state actor must consciously disregard a known and excessive risk to the victim's health and safety. . . . This court has emphasized that the test of deliberate indifference is

a significantly high burden for the plaintiffs to overcome. . . . A
plaintiff must demonstrate culpability a degree beyond mere
negligence, or even gross negligence. . . . Liability based on deliberate
indifference is inappropriate if an official can demonstrate that she did
not know of the underlying facts indicating a sufficiently substantial
danger and that she was therefore unaware of the danger . . . .

*Id.* at 8-9 (internal citations omitted).

The Complaint contains no facts that would justify a claim for denial of the

right to family integrity, as there are no facts indicating that the children were

improperly removed from Faye's home, aside from a conclusory assertion that the

Youth Court determined that the children were neglected "in contravention of clear

law." (Compl. at 4, ECF No. 1-2). The Complaint merely states that the defendants

took custody of the children due to Faye's arrest and pursuant to the Youth Court's

Order.

In addition, the Complaint only contains conclusory, unsupported claims that

Hall, Raffeo, and others failed to adequately inspect, investigate, screen, and

supervise the foster home, and failed to conduct periodic inspections of the daycare

center. She asserts that "the contraction of a sexually transmitted disease while in

custody of [MDHS] . . . could not have occurred in the absence of negligence on

behalf of the [sic] one or more of the named defendants." (Compl. at 8, ECF No. 1-

2). As explained previously, allegations of negligence, or even gross negligence are

insufficient to state a claim for denial of the right to substantive due process. Since

Faye has alleged nothing more than negligence, she has not asserted a

constitutional violation on the part of Raffeo or Hall. Therefore, her individual

capacity claims filed against Hall and Raffeo pursuant to § 1983 must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

## II. FAYE'S STATE LAW CLAIMS OF NEGLIGENCE, GROSS NEGLIGENCE, AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

The defendants first argue that they are entitled to immunity pursuant to Miss. Code Ann. § 43-15-125, which provides that "[t]he Department of Human Services and/or its officers, employees, attorneys and representatives shall not be held civilly liable for any findings, recommendations or actions taken pursuant to [Title 43, Chapter 15, Article 3 of the Mississippi Code Annotated]." The purpose of Article 3 "is to protect the health, safety and well-being of all children in the state who are cared for by family foster homes . . . by providing for the establishment of licensing requirements for such homes . . . and providing procedures to determine adherence to these requirements." Miss. Code Ann. § 43-15-101. The defendants also assert that they are immune from liability under the Mississippi Tort Claims Act,[5] because all of Faye's claims arise from the defendants' alleged failure to perform discretionary functions, as well as the defendants' alleged "failure to execute or perform a statute, ordinance or regulation." *See* Miss. Code Ann. § 11-46-9(1)(b),(d).[6]

Faye argues that she has raised no claims concerning the licensing of the Weary foster home. She asserts that her claims are based on the defendants' failure

---

[5] The Mississippi Tort Claims Act applies to foster parents, such as Weary. *See* Miss. Code Ann. § 11-46-1(f)(ii).

[6] Miss. Code Ann. § 11-46-9(1)(b) requires that the employee exercise ordinary care.

to screen the home prior to placement, failure to monitor the home, and failure to account for all residents of the home. She argues that these claims are not barred, because the facts in the present case are similar to the facts in *Miss. Dep't of Human Servs. v. S.W.*, 111 So. 3d 630 (Miss. Ct. App. 2012). However, that opinion concerned damages. The Court of Appeals' earlier opinion in the *S.W.* case — *Mississippi Department of Human Services v. S.W.*, 974 So. 2d 253 (Miss. Ct. App. 2007) (hereafter "*S.W. I*" — is more pertinent to issues presented in the present case, because the Court discussed MDHS's liability in that opinion.

In *S.W. I*, the Court faced the issue of whether MDHS had sufficient "face-to-face contact" with a child in its custody. *S.W. I*, 974 So. 2d at 259 (¶¶ 12-15). The Court held that "the minimum mandatory directive of DHS regulations is ministerial in nature and the discretionary function exemption does not bar a cause of action for S.W.'s complaint of insufficient contact." *Id.* at 259 (¶15).

Faye's claims concerning screening and inspection of the home prior to placement are, in essence, claims concerning the licensing of the foster home that are barred by Miss. Code Ann. § 43-15-125. The *S.W. I* decision does not assist Faye in opposing the defendants' Motion to Dismiss, because Faye's Complaint contains no facts concerning the amount of "face-to-face contact" between the minor children and MDHS or its employees. She merely makes vague assertions that MDHS, Hall, Raffeo, and other unnamed individuals failed to supervise or monitor the foster home and failed to inspect a daycare. The Complaint also contains no facts concerning Weary, aside from her status as the children's foster mother, and Faye

has made contradictory allegations concerning whether the alleged abuse occurred in Weary's home or at a daycare. Thus, Faye has not provided sufficient facts to state a claim that the defendants failed to act with ordinary care. *See* Miss. Code Ann. § 11-46-9(1)(b). Since Faye has not specified which policies, procedures, regulations, or statutes she claims the defendants violated, the Court cannot determine whether the defendants failed to perform discretionary or ministerial functions. Therefore, Faye's state law claims, as currently pled, must be dismissed for failure to state a claim upon which relief can be granted.

## CONCLUSION

For the foregoing reasons, the Court finds that this lawsuit must be dismissed for failure to state a claim upon which relief can be granted. However, the Court finds that Faye should be granted leave to amend her Complaint.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the [7] Motion to Dismiss filed by Mississippi Department of Human Services, Tequila Hall, Harmony Raffeo, and Erica Weary is **GRANTED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that the plaintiff Alexandria Faye, Individually and as Next Friend of O.F. and K.S., is granted leave to amend her complaint by no later than March 30, 2018. Faye is cautioned that failure to amend her complaint by that date may result in dismissal of her lawsuit without further notice from this Court.

**SO ORDERED AND ADJUDGED** this the 19th day of February, 2018.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE