**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

**ALEXANDRIA FAYE, INDIVIDUALLY**
**AND AS NEXT FRIEND AND**
**ON BEHALF OF O.F. AND K.S.**

                                                                        **PLAINTIFFS**

**V.**                                        **CIVIL CAUSE NO. 1:17-CV-00145-LG-RHW**

**MISSISSIPPI DEPARTMENT OF**
**HUMAN SERVICES, HARMONY RAFFEO,**
**TEQUILA HALL, ERICA WEARY,**
**AND JOHN AND JANE DOES I-X**                                        **DEFENDANTS**

**FIRST AMENDED COMPLAINT**
**(*JURY TRIAL DEMANDED*)**

       **COME NOW** the Plaintiffs, Alexandria Faye, individually and as next friend and on behalf of O.F. and K.S., by and through undersigned counsel, respectfully submit this Complaint against the Mississippi Department of Human Services, and Harmony Raffeo, Tequila Hall, as and, Erica Weary, individually and acting under color of law and John and Jane Does I-X, for damages arising under the Mississippi Torts Claims Act and under 42 U.S.C.A. § 1983 for violations of the Plaintiffs' right under the Fourteenth Amendment of the United States Constitution. This amended complaint is filed pursuant to Court Order and relates back to the original filing in the Harrison County Circuit Court of the State of Mississippi. The Plaintiffs assert the following, to-wit:

<u>**PARTIES**</u>

       1.     Made Plaintiff herein Alexandria Faye is an adult resident citizen of the State of Mississippi.

       2.     Made Plaintiff herein O.F. is the minor child of Alexandria Faye and resides with her mother in Mississippi.

3.     Made Plaintiff herein K.S. is the minor child of Alexandria Faye and resides with her mother in Mississippi.

4.     Made Defendant herein Mississippi Department of Human Services (hereinafter "MDHS") is an agency of the State of Mississippi that may be served through its Executive Director Richard Berry at 750 North State Street, Jackson, MS, 39202 and through the Mississippi Attorney General, located at 550 High Street, Suite 1200, Jackson, MS 39201.

5.     Made Defendant herein is Harmony Raffeo who is or was an employee of MDHS and Hancock County Department of Human Services and is believed to be a resident of Harrison County, Mississippi and may be served at 7385 Bosarge Rd, Long Beach, MS  39560 or at the MDHS Hancock County office located at 856 Highway 90, Suite E, Bay St. Louis, MS 39520.

6.     Made Defendant herein is Tequila Hall, who is or was an employee of MDHS and Hancock County Department of Human Services and is believed to be a resident of Hancock County, Mississippi and may be served at 626 Edna St., Waveland, MS 39576-2940 or at the MDHS Hancock County office located at 856 Highway 90, Suite E, Bay St. Louis, MS 39520.

7.     Made Defendant herein is Erica Weary who was the foster parent of K.S. and O.F. when MDHS and Hancock County Department of Human Services placed the minor children in her foster care. Erica Weary is an agent of Mississippi Department of Human Services and Hancock County Department of Human Services and believed to be a resident of Harrison County, Mississippi and may be served at 14095 Gladys St, Gulfport, MS 39503.

8.     Made Defendant herein John and Jane Does 1-10 are people or persons who are liable to the Plaintiffs for intentional or negligent acts of malfeasance and/or misfeasance but whose identities are unknown to the Plaintiffs and whose identities cannot be discovered due to the secretive and confidential keeping of MDHS and Youth Court records.

## JURISDICTION, VENUE, AND NOTICE

9.     This Court has subject matter jurisdiction and concurrent jurisdiction in accord with the laws of the State of Mississippi, the Mississippi Constitution of 1890 and the United States Constitution and the laws of the United States of America and in accord with Miss. Code Ann. § 11-46-1 *et seq*.

10.     This Court has jurisdiction over the person and entities in accord with the United States Constitution, the Mississippi Constitution of 1890 and Miss. R. Civ. P. 4. Each of the Defendants resides in Mississippi that the exercise of jurisdiction by this Court would not offend traditional notions of fair play and substantial justice.

11.     Venue is proper in this court pursuant to Miss. Code Ann. § 11-46-13(2) as the Defendant Mississippi Department of Human Services is located in Hinds County, Mississippi.

12.     The Plaintiffs provided the statutorily required notice to the Defendants pursuant to Miss. Code Ann. § 11-46-11 on or about October 3, 2015.

## RELATION TO THE ORIGINALLY FILED COMPLAINT

13.     Each of the preceding paragraphs is incorporated herein by reference.

14.     The Plaintiff filed her original Complaint in Circuit Court of Hinds County Circuit Court on or about January 17, 2017, and she subsequently agreed to a transfer of venue to the Harrison County Circuit Court.

15.     Pursuant to the Order of this Court, the Plaintiff files this Amended Complaint without waiving her right to her choice of venue.

16.     The Plaintiff respectfully submits that this Court should find that this First Amended Complaint relates back to the originally filed complaint for purposes of any anticipated defenses raised by the Defendants under the Eleventh Amendment of the United States Constitution.

17.     The Plaintiff respectfully submits that the Amendment Complaint satisfies the requirements of Fed. R. Civ. P. 15(c) and should therefore relates back to the originally filed state court proceeding.

## FACTS

18.     Each of the preceding paragraphs is incorporated herein by reference.

19.     On or about February 19, 2014, law enforcement arrested Alexandria Faye.

20.     Alexandria Faye's minor children, O.F. (one-year-old at the time) and K.S. (two years old at the time) were present at the time of the arrest.

21.     MDHS took custody of the minor children O.F. and K.S. at this time.

22.     Subsequent to Alexandria Faye's arrest, the Mississippi Department of Human Services in Hancock County filed a petition to remove O.F. and K.S. from Alexandria Faye's custody.

23.     Pursuant to Miss. Code Ann. § 43-21-105, the Hancock County Youth Court deemed O.F. and K.S. as neglected in contravention of clear law. Nothing in the Petition rose to an allegation of neglect sufficient to constitute of finding separating the mother from her minor children in violation of the Due Process Clause of the Fourteenth Amendment of the United States Constitution and the right to family integrity.

24.     The Hancock County Youth Court placed the minor children in the custody of the Mississippi Department of Human Services in its Hancock County office.

25.      Once the Hancock County Youth Court determined that removal of the children from the home was warranted and placed the child in the legal and physical custody of MDHS, MDHS assumed certain obligations under the statutes of the State of Mississippi, under the regulatory scheme of the state of Mississippi and to ensure that the minor children O.F. and K.S. were safe and free from assault and abuse while in the custody of the MDHS.

26.     Miss Code Ann. § 43-15-5 requires MDHS is by to administer or supervise all public children welfare services and to provide for the care of dependent and neglected children in foster family homes. To carry out these duties, DHS has developed formal guidelines and procedures for the provision of social services in the areas of personal protection, prevention of abuse and neglect, and placement of children in out-of-home settings. This operating procedure is outlined in detail in the DHS's policy manual.

27.     MDHS policy covering foster care requires in particular that:

a.      Foster parents who receive federal funds undergo a criminal background check;[1]

b.      "All foster care setting, including relative placement, shall be screened prior to initial placement of foster children to ensure that children receive safe, sufficient and appropriate care. Additional screens shall be completed at least once annually thereafter and within two weeks of a reported change in the residence of a resource home. Screens shall include criminal and child welfare background checks of all household members who are at least fourteen (14) years old. No foster children shall be placed in a home prior to DFCS receipt of the background check results."[2]

c.      "Regardless of whether a child's foster care placement is being directly supervised by DFCS or by a contract agency, the assigned DFCS (either [County of Record] or [County of Service]) shall meet with the child in person and where age-appropriate alone at least twice monthly to assess the child's safety and well-being, service delivery, and achievement of permanency and other service goals. The COR Worker or COS Worker when applicable shall maintain twice monthly face-to-face contact with all children in foster care placed in the COR county. During a child's first month in foster care and after each placement change the child's Worker shall have a face-to-face meeting within seventy-two (72) hours of said placement";[3]

d.      "This assessment of the child's adjustment to the placement should be on-going and the need for more frequent visits by the Worker should be documented. At least one of the monthly visits must be in the placement

---

[1] Mississippi DFCS Policy Section D, I.C.2.g.
[2] Mississippi DFCS Policy Section D, V.G.1.d.
[3] Mississippi DFCS Policy Section D, VII.B.5.b.

setting Twice monthly contacts will be documented in the MACWIS within f working days of the visit."[4]

    e.    "The COR Worker will also visit the child quarterly in the placement setting.";[5]

28.    MDHS, and its employees, Tequila Hall, Harmony Raffeo, and John and Jane Does represented to Alexandria Faye and the Hancock County Youth Court that the only occupants of the residence of Erica Weary (at or near Gladys St., Gulfport, Mississippi) were Erica Weary and her minor son. In fact, other parties, unknown to the Plaintiff resided in the home.

29.    Had MDHS and its employees and agents, Tequila Hall, Harmony Raffeo and John and Jane Does adequately screened the foster home, it would have revealed that other besides Erica Weary and her minor son occupied the home. Furthermore, Had MDHS and its employees and agents, Tequila Hall, Harmony Raffeo and John and Jane Does performed regular and required home and face-to-face meeting, it would have become apparent that there were others living in the foster home.

30.    With negligence, gross negligence and deliberate indifference to the safety and constitutional rights guaranteed the Plaintiffs, MDHS. Tequila Hall, Harmony Raffeo, and John and Jane Does failed to appropriately screen the Weary home for the placement of the vulnerable infant female children O.F. and K.S.

31.    With negligence, gross negligence, and deliberate indifference to the safety and constitutional rights guaranteed the Plaintiffs, MDHS. Tequila Hall, Harmony Raffeo, and John and Jane Does failed to properly inspect the Weary home at regular intervals.

---

[4] *Id.*
[5] *Id.*

32.     With negligence, gross negligence, deliberate indifference to the safety and constitutional rights guaranteed the Plaintiffs, MDHS. Tequila Hall, Harmony Raffeo, and John and Jane Does failed to conduct required bi-monthly face-to-face meetings,

33.     But for the negligence and gross negligence of MDHS, Tequila Hall, Harmony Raffeo and John and Jane Does, it would have been known that others resided at this residence.

34.     On or about July 11, 2014, Harmony Raffeo informed Alexandria Faye that she was transporting the minor children named herein, O.F. and K.S. to the hospital for examination for gonorrhea, the minor children having been screened and testing positive for the same at a medical clinic, Coastal Family Health Center.

35.     On or about June 11, 2014, Alexandria Faye and DHS case-worker and investigator, Harmony Raffeo, presented O.F. and K.S. to Garden Park Medical Center in Gulfport, Mississippi due to allegations of sexual abuse.

36.     Harmony Raffeo stated to staff at Garden Park Medical Center that O.F. tested positive for gonorrhea at Coastal Family Health Center.

37.     Moreover, medical records state that O.F. had leucorrhea, a white vaginal discharge.

38.     The differential diagnosis concluded STD exposure and possible sexual assault. Harmony Raffeo declined a sexual assault examination.

39.     With deliberate indifference to the safety and constitutional rights guaranteed the Plaintiffs, MDHS, Tequila Hall, Harmony Raffeo, and John and Jane Does declined an examination by medical personnel for sexual assault.

40.     MDHS, Tequila Hall, Harmony Raffeo and John and Janes Does reported to police that the assault occurred in the Weary home at or near 14095 Gladys St.

41.     In addition to the facts described above, it is believed that MDHS, Tequila Hall, Harmony Raffeo, Erica Weary, and John and Jane Does took other affirmative steps to thwart a complete and thorough investigation by the local police.

42.     Physicians treated O.F. with an injection of Rocephin.

43.     On or about June 12, 2014, a Family Preservation representative, social aid worker Rose Anderson, and Alexandria Faye presented O.F. and K.S. to the Children's Hospital of New Orleans.

44.     Medical staff treated K.S. prophylactically for gonorrhea due to the fact that no facility was able to collect a urine specimen from K.S. for sexual infections prior to treatment.

45.     Medical staff diagnosed O.F. with gonorrhea and treated her for the STD. Medical records state: [O.F.] most likely contracted [gonorrhea] while in foster care based on symptomatology and timeline provided."

46.     In total, O.F. tested positive for gonorrhea at three different medical facilities while in the custody of Mississippi Department of Human Services.

47.     MDHS substantiated sexual abuse suffered by the minor children, but did not substantiate the source.

48.     Alexandria Faye tested negative for gonorrhea on two occasions.

49.     O.F. and K.S. were molested while in the custody of Mississippi Department of Human Services and Hancock County Department of Human Services.

50.     With negligence, gross negligence and deliberate indifference to the safety and constitutional rights guaranteed the Plaintiffs, Mississippi Department of Human Services, Hall, Raffeo, Weary, and John and Jane Does I-X failed to follow their own procedures and policies when it placed the minor children in the custody of Erica Weary.

51.     With negligence, gross negligence, and deliberate indifference to the safety and constitutional rights guaranteed the Plaintiffs, Mississippi Department of Human Services, Hall, Raffeo, Weary, and John and Jane Does I-X failed to follow their own ministerial and non-discretionary policies and procedures when they failed to conduct appropriate background checks as to all individuals who would reside in the foster home where the minor children were placed.

52.     With negligence, gross negligence and deliberate indifference to the safety and constitutional rights guaranteed the Plaintiffs, Mississippi Department of Human Services, Hall, Raffeo, Weary, and John and Jane Does I-X failed to follow their own policies and procedures when they failed to conduct periodic inspection of the foster home.

53.     With deliberate indifference to the safety and constitutional rights guaranteed the Plaintiffs, Mississippi Department of Human Services, Hall, Raffeo, Weary, and John and Jane Does I-X failed to follow their own policies and procedures failed to conduct periodic face-to-face meetings with the minor children in question.

54.     Gonorrhea has an incubation period of 2 to 5 days. O.F. and K.S. were in custody of Mississippi Department of Human Services and Hancock County Department of Human Services for almost four months before being diagnosed with gonorrhea.

55.     Gonorrhea is a sexually transmitted disease which is only transmitted through sexual conduct.

56.     Because O.F. and K.S. were diagnosed on or about June 11, 2014 and had been in custody over four months with Mississippi Department of Human Services and Hancock County Department of Human Services. It is medically concluded that O.F. and K.S. contacted gonorrhea while in MDHS and Hancock County DHS custody.

57.     John and Jane Does I-X, individually or collectively molested the minor child O.F., causing intentional, unwanted, offensive physical contact.

58.     John and Jane Does I-X, individually or collectively molested the minor child K.S., causing intentional, unwanted, offensive physical contact.

59.     Because O.F. and K.S. are minors and because gonorrhea is a sexually transmitted disease only transmitted through sexual contact, it is medically concluded that O.F. and K.S. were sexually assaulted while in the custody of Mississippi Department of Human Services and Hancock County Department of Human Services.

60.     The contraction of a sexually transmitted disease while in custody of Mississippi Department of Human Services and Hancock County Department of Human Services could not have occurred in the absence of negligence on behalf of the one or more of the named defendants.

61.     The Due Process Clause of the Fourteenth Amendment of the United States Constitution guarantees each of the Plaintiffs a right to be free from state created danger or an increased state of danger while in the custody of the government. Such right or rights was or were known or should have been known to the Defendants at all times relevant to the allegations contained in this Complaint.

62.     The Due Process Clause of the Fourteenth Amendment of the United State Constitution guarantees each of the Plaintiffs a right to family integrity without interference of the government absent due process. Such right or rights was or were known or should have been known to the Defendants at all times relevant to the allegations contained in this Complaint.

## CLAIMS

## COUNT I: NEGLIGENCE AND GROSS NEGLIGENCE OF MDHS UNDER THE MISSISISSIPPI TORT CLAIMS ACT

63.     All Plaintiffs re-allege and incorporate by reference each of the foregoing paragraphs as if fully set out therein.

64.     Mississippi Department of Human Services, its, employees, staff, and agents had a ministerial, non-discretionary duty to fully and diligently investigate and screen the foster home of O.F. and K.S. pre-placement.

65.      Mississippi Department of Human Services, employees, staff, and agents had a ministerial, non-discretionary duty to conduct regular supervision and investigation of said foster home to determine and ensure the safety of said home for O.F. and K.S.

66.     Mississippi Department of Human Services, employees, staff, and agents had a ministerial, non-discretionary duty to fully and diligently supervise and inspect the foster home of O.F. and K.S. after placement.

67.     Mississippi Department of Human Services, employees, staff, and agents had duty to conduct regular face-to-face meeting with the minor children.

68.     MDHS owed all Plaintiffs a duty to perform all ministerial, non-discretionary duties required by it under the laws of the state of Mississippi and the policies of MDHS and its subdivisions.

69.     The Defendants breached their duty in the following instances:

a.      By failing to fully and diligently investigate and screen the foster home of O.F. and K.S. prior to placement;
b.      By failing to conduct regular supervision and investigation of said foster home to determine and ensure the safety of K.S. and O.F.;
c.      By failing to fully and diligently supervise and inspect the foster home of O.F. and K.S. after placement;
d.      By failing to conduct required ministerial face-to-face meeting with the minor children in its custody;
d.      By failing to reasonably ensure the safety of the minor children in its custody; and
e.      By failing to properly investigate the sexual assault.

70.    As a direct and proximate cause of the Defendants' breaches, the Plaintiffs suffered damages. Specifically, O.F. contracted gonorrhea while in the custody of the Mississippi Department of Human Services.

71.    As a direct and proximate cause of the Defendants' breaches, Alexandria Faye, as the natural mother of O.F. and K.S. suffered damages including but not limited to emotional distress.

72.    As a direct and proximate cause of the Defendants' breaches, K.S. had to be treated for gonorrhea while in the custody of the Mississippi Department of Human Services.

73.    As a direct and proximate cause of the Defendants' breaches, the Plaintiff suffered damages that are on-going.

## COUNT II: DEPRIVATION OF FOURTEENTH AMENDMENT CONSTITUTIONAL RIGHTS BY HARMONY RAFFEO UNDER 42 U.S.C. § 1983

74.    The Plaintiffs re-allege and incorporate by reference each of the foregoing paragraphs as if fully set out herein.

75.    By and through the conduct of Defendant herein, the Plaintiffs were deprived of constitutional rights, specifically their Due Process rights and right to family integrity under the Fourteenth Amendment of the United States Constitution. As a result, thereof, the Plaintiffs suffered bodily harm, injury, pain and suffering, and emotional distress. Specifically, Alexandria Faye suffered emotional distress. Moreover, O.F. and K.S. suffered bodily harm, injury, and pain & suffering and emotional distress.

76.    Such acts of Harmony Raffeo were committed under color of law and under each her authority as an officer, agent, or employee of Mississippi Department of Human Services and its subdivisions, and were reckless, malicious, intentional, and committed with deliberate and reckless indifference to the health and safety of O.F. and K.S.  As a result, the Plaintiffs suffered bodily harm, injury, pain and suffering and emotional distress.

77.     The Plaintiffs' injuries and damages were also directly and proximately caused by the following intentional, reckless, careless, negligent and/or deliberately indifferent acts and omissions of Harmony Raffeo, but not limited to:

a.     The failure of Harmony Raffeo to properly investigate, to monitor, direct, and supervise the policies and procedures of the Mississippi Department of Human Services and its subdivisions thus depriving members of the public, including the Plaintiffs, of their rights under the United States Constitution;

b.     The failure of Harmony Raffeo to properly and adequately screen, hire and train the foster parents, employees and agents in the Police Department and to promulgate and enforce rules and regulations regarding the manner and techniques for the hiring, control, supervision and training of their employees and foster parents, thus depriving members of the public, including the Plaintiffs, of their rights under the United States Constitution;

c.     The failure of Harmony Raffeo to enforce proper and appropriate procedures and regulations which would have controlled or governed the actions of its officers, agents, foster parents, and/or employees under the circumstances outlined in this Complaint as well as for screening and hiring its employees, agents, and foster p thus depriving members of the public, including the Plaintiffs, of their rights under the United States Constitutions;

d.     The failure of Harmony Raffeo, to adequately screen foster parents for employment and placement and to adequately supervise the actions of officers, agents, foster parents, and/or employees under the circumstances outlined in this Complaint; thus depriving members of the public, including, the Plaintiffs of their rights under the United States and Mississippi Constitutions;

e.     The failure of Harmony Raffeo to provide reasonable protection from physical injury to O.F. and K.S. and Alexandria Faye, individually in order to avoid the risk of harm to them under the circumstances then and there existing, thus depriving members of the public, including the Plaintiffs, of their rights under the United States and Mississippi Constitutions; and

f.     The failure of Harmony Raffeo to supervise, investigate, and screen the foster home of O.F. and K.S. post-placement thus depriving members of the public, including, the Plaintiffs of their rights under the United States and Mississippi Constitutions.

78.     Harmony Raffeo had knowledge of or, had it diligently exercised its duties to screen the foster home, inspect the foster home before and after the placement of the minor children, and to make face-to-face contact with the minor children should have had knowledge that the wrongs were done, as hereto before alleged, or other unlawful or unconstitutional acts, were going to be committed and were committed prior to the incident complained of herein. Harmony Raffeo had power to prevent or aid in preventing the commission of said wrongs, could

have done so, and intentionally, knowingly, or with deliberate indifference to the rights of the inhabitants of the public and the Plaintiffs, failed to do so.

79.     The acts of Defendants as afore described entitle Plaintiff to an award of compensatory damages.  In addition, such acts and omissions were intentional, wanton, malicious, oppressive, undertaken with reckless indifference, thus entitling Plaintiff to an award of punitive damages against said Defendant in her individual capacity.

80.     Defendants' acts violated 42 U.S.C. § 1983 by depriving the Plaintiffs their constitutionally guaranteed rights under the Fourteenth Amendment of the United States Constitution. As a result of such acts, Plaintiff sustained damages as set forth herein.

## COUNT III:  DEPRIVATION OF FORUTEENTH AMENDMENT CONSTITUTIONAL RIGHTS BY TEQUILA HALL UNDER 42 U.S.C. § 1983

81.     The Plaintiffs re-allege and incorporate by reference each of the foregoing paragraphs as if fully set out herein.

82.     By and through the conduct of Defendant herein, the Plaintiffs were deprived of constitutional rights, specifically their Due Process rights and right to family integrity under the Fourteenth Amendment of the United States Constitution. As a result, thereof, the Plaintiffs suffered bodily harm, injury, pain and suffering, and emotional distress. Specifically, Alexandria Faye suffered emotional distress. Moreover, O.F. and K.S. suffered bodily harm, injury, and pain & suffering and emotional distress.

83.     Such acts of Tequila Hall were committed under color of law and under each her authority as an officer, agent, or employee of Mississippi Department of Human Services and its local counterpart, its subdivisions and were reckless, malicious, intentional, and committed with deliberate and reckless indifference to the health and safety of O.F. and K.S.  As a result, the Plaintiffs suffered bodily harm, injury, pain and suffering and emotional distress.

84.     The Plaintiffs' injuries and damages were also directly and proximately caused by the following intentional, reckless, careless, negligent and/or deliberately indifferent acts and omissions of Tequila Hall, but not limited to:

a.      The failure of Tequila Hall to properly investigate, to monitor, direct, and supervise the policies and procedures of the Mississippi Department of Human Services and its subdivisions thus depriving members of the public, including the Plaintiffs, of their rights under the United States Constitution;

b.      The failure of Tequila Hall to properly and adequately screen, hire and train the foster parents, employees and agents in the Police Department and to promulgate and enforce rules and regulations regarding the manner and techniques for the hiring, control, supervision and training of their employees and foster parents, thus depriving members of the public, including the Plaintiffs, of their rights under the United States Constitution;

c.      The failure of Tequila Hall to enforce proper and appropriate procedures and regulations which would have controlled or governed the actions of its officers, agents, foster parents, and/or employees under the circumstances outlined in this Complaint as well as for screening and hiring its employees, agents, and foster p thus depriving members of the public, including the Plaintiffs, of their rights under the United States Constitutions;

d.      The failure of Tequila Hall, to adequately screen foster parents for employment and placement and to adequately supervise the actions of officers, agents, foster parents, and/or employees under the circumstances outlined in this Complaint; thus depriving members of the public, including, the Plaintiffs of their rights under the United States and Mississippi Constitutions;

e.      The failure of Tequila Hall to provide reasonable protection from physical injury to O.F. and K.S. in order to avoid the risk of harm to them under the circumstances then and there existing, thus depriving members of the public, including the Plaintiffs, of their rights under the United States and Mississippi Constitutions; and

f.      The failure of Tequila Hall to supervise, investigate, and screen the foster home of O.F. and K.S. post-placement thus depriving members of the public, including, the Plaintiffs of their rights under the United States and Mississippi Constitutions.

85.     Tequila Hall had knowledge of or, had it diligently exercised its duties to screen, instruct, investigate train, supervise, control and discipline on a continuing basis, should have had knowledge that the wrongs were done, as hereto before alleged, or other unlawful or unconstitutional acts, were going to be committed and were committed prior to the incident complained of herein.  Tequila Hall had power to prevent or aid in preventing the commission of

said wrongs, could have done so, and intentionally, knowingly, or with deliberate indifference to the rights of the inhabitants of the public and the Plaintiffs, failed to do so.

86. The acts of Defendants as afore described entitle Plaintiff to an award of compensatory damages. In addition, such acts and omissions were intentional, wanton, malicious, oppressive, undertaken with reckless indifference, thus entitling Plaintiff to an award of punitive damages against said Defendant in his individual capacity.

87. Defendants' acts violated 42 U.S.C. § 1983 by depriving the Plaintiffs their constitutionally guaranteed rights under the Fourteenth Amendment of the United States Constitution. As a result of such acts, Plaintiff sustained damages as set forth herein.

## COUNT IV: DEPRIVATION OF FOURTEENTH AMENDMENT CONSTITUTIONAL RIGHTS BY JOHN AND JANE DOES 1-10 UNDER 42 U.S.C. § 1983

88. The Plaintiffs re-allege and incorporate by reference each of the foregoing paragraphs as if fully set out herein.

89. By and through the conduct of Defendant herein, the Plaintiffs were deprived of constitutional rights, specifically their Due Process rights and right to family integrity under the Fourteenth Amendment of the United States Constitution. As a result, thereof, the Plaintiffs suffered bodily harm, injury, pain and suffering, and emotional distress. Specifically, Alexandria Faye suffered emotional distress. Moreover, O.F. and K.S. suffered bodily harm, injury, and pain & suffering and emotional distress.

90. Such acts of John and Jane Does 1-10 were committed under color of law and under each individuals' authority as an officer, agent, or employee of Mississippi Department of Human Services and its subdivisions, were reckless, malicious, intentional, and committed with deliberate and reckless indifference to the health and safety of O.F. and K.S. As a result, the Plaintiffs suffered bodily harm, injury, pain and suffering and emotional distress.

91.    The Plaintiffs' injuries and damages were also directly and proximately caused by the following intentional, reckless, careless, negligent and/or deliberately indifferent acts and omissions of John and Jane Does 1-10, but not limited to:

a.    The failure of John and Jane Does 1-10 to properly investigate, to monitor, direct, and supervise the policies and procedures of the Mississippi Department of Human Services and its subdivisions thus depriving members of the public, including the Plaintiffs, of their rights under the United States Constitution;

b.    The failure of John and Jane Does 1-10 to properly and adequately screen, hire and train the foster parents, employees and agents in the Police Department and to promulgate and enforce rules and regulations regarding the manner and techniques for the hiring, control, supervision and training of their employees and foster parents, thus depriving members of the public, including the Plaintiffs, of their rights under the United States Constitution;

c.    The failure of John and Jane Does 1-10 to enforce proper and appropriate procedures and regulations which would have controlled or governed the actions of its officers, agents, foster parents, and/or employees under the circumstances outlined in this Complaint as well as for screening and hiring its employees, agents, and foster p thus depriving members of the public, including the Plaintiffs, of their rights under the United States Constitution;

d.    The failure of John and Jane Does 1-10, to adequately screen foster parents for employment and placement and to adequately supervise the actions of officers, agents, foster parents, and/or employees under the circumstances outlined in this Complaint; thus depriving members of the public, including, the Plaintiffs of their rights under the United States and Mississippi Constitutions;

e.    The failure of John and Jane Does 1-10 to provide reasonable protection from physical injury to O.F. and K.S. and Alexandria Faye, individually in order to avoid the risk of harm to them under the circumstances then and there existing, thus depriving members of the public, including the Plaintiffs, of their rights under the United States and Mississippi Constitutions; and

f.    The failure of John and Jane Does 1-10 to supervise, investigate, and screen the foster home of O.F. and K.S. post-placement thus depriving members of the public, including, the Plaintiffs of their rights under the United States and Mississippi Constitutions.

92.    John and Jane Does 1-10 had knowledge of or, had it diligently exercised its duties to screen, instruct, investigate train, supervise, control and discipline on a continuing basis, should have had knowledge that the wrongs were done, as hereto before alleged, or other unlawful or unconstitutional acts, were going to be committed and were committed prior to the incident complained of herein.  John and Jane Does 1-10 had power to prevent or aid in preventing the commission of said wrongs, could have done so, and intentionally, knowingly, or

with deliberate indifference to the rights of the inhabitants of the public and the Plaintiffs, failed to do so.

93.     The acts of Defendants as afore described entitle Plaintiff to an award of compensatory damages.  In addition, such acts and omissions were intentional, wanton, malicious, oppressive, undertaken with reckless indifference, thus entitling Plaintiff to an award of punitive damages against said Defendant in his individual capacity.

94.     Defendants' acts violated 42 U.S.C. § 1983 by depriving the Plaintiffs their constitutionally guaranteed rights under the Fourteenth Amendment of the United States Constitution. As a result of such acts, Plaintiff sustained damages as set forth herein.


## COUNT V:  DEPRIVATION OF CONSTITUTIONAL RIGHTS BY ERICA WEARY UNDER 42 U.S.C. § 1983

95.     The Plaintiff, Alexandria Faye, individually, re-alleges and incorporates by reference each of the foregoing paragraphs as if fully set out herein.

96.     By and through the conduct of Defendant herein, the Plaintiffs were deprived of constitutional rights, specifically their Due Process rights and right to family integrity under the Fourteenth Amendment of the United States Constitution. As a result, thereof, the Plaintiffs suffered bodily harm, injury, pain and suffering, and emotional distress. Specifically, Alexandria Faye suffered emotional distress. Moreover, O.F. and K.S. suffered bodily harm, injury, and pain & suffering and emotional distress.

97.     Such acts of Erica Weary were committed against Alexandria Faye as a state actor under color of law and under each individual's authority as an officer, agent, or employee of Mississippi Department of Human Services and its local counterpart and were reckless, malicious, intentional, and committed with deliberate and reckless indifference to the health and safety of O.F. and K.S.  As a result, the Plaintiff suffered harm, injury, pain and suffering and emotional distress.

98.     The Plaintiff's injuries and damages were also directly and proximately caused by the following intentional, reckless, careless, negligent and/or deliberately indifferent acts and omissions of Erica Weary, but not limited to:

a.      The failure of Erica Weary to properly monitor, direct, and supervise her household and follow the procedures of the Mississippi Department of Human Services and its subdivisions thus depriving members of the public, including the Plaintiff, of their rights under the United States Constitution;

b.      The failure of Erica Weary to provide reasonable protection from physical injury to O.F. and K.S. in order to avoid the risk of harm to them under the circumstances then and there existing, thus depriving members of the public, including the Plaintiff, of their rights under the United States and Mississippi Constitutions; and

c.      The failure of Erica Weary to supervise, investigate, and screen the foster home of O.F. and K.S. thus depriving members of the public, including, the Plaintiff of their rights under the United States and Mississippi Constitutions.

99.     Erica Weary had knowledge of or, had it diligently exercised its duties to screen, instruct, investigate train, supervise, control and discipline on a continuing basis, should have had knowledge that the wrongs were done, as hereto before alleged, or other unlawful or unconstitutional acts, were going to be committed and were committed prior to the incident complained of herein.  Erica Weary had power to prevent or aid in preventing the commission of said wrongs, could have done so, and intentionally, knowingly, or with deliberate indifference to the rights of the inhabitants of the public and the Plaintiff, failed to do so.

100.    The acts of Defendants as afore described entitle Plaintiff to an award of compensatory damages.  In addition, such acts and omissions were intentional, wanton, malicious, oppressive, undertaken with reckless indifference, thus entitling Plaintiff to an award of punitive damages against said Defendant in his individual capacity.

101.    Defendants' acts violated 42 U.S.C. § 1983 by depriving the Plaintiffs their constitutionally guaranteed rights under the Fourteenth Amendment of the United States Constitution.  As a result of such acts, Plaintiff sustained damages as set forth herein.

## COUNT VI: NEGLIGENCE AND GROSS NEGLIGENCE OF ERICA WEARY

102.    Alexandria Faye, as next friend and on behalf of the minor children O.F. and K.S. re-allege and incorporate by reference each of the foregoing paragraphs as if fully set out herein.

103.    At all times herein, the Defendant Erica Weary had a duty

a. to prevent harm to the O.F. and K.S. while the custodian of these minor children;
b. to reasonably ensure the minor children from the harm and predatory actions of those people residing under her roof; and
c. to faithfully carry out the duties entrusted and imposed upon her by the MDHS.

104.    At all times herein, the Defendant Erica Weary breached all of the aforementioned duties.

105.    As a direct and proximate cause of Erica Weary's breaches, K.S. and O.F. were molested while in the care of Watch Me Grow Learning Center, Inc.

106    The Plaintiffs suffered damages as a proximate and direct cause of the Erica Weary's breaches.

## COUNT VII: NEGLIGENCE AND GROSS NEGLIGENCE OF JOHN AND JANE DOES 1-10

107.    The Plaintiffs re-allege and incorporate by reference each of the foregoing paragraphs as if fully set out herein.

108.    John and Jane Does 1-10 had a duty to care for and protect the minor children named herein from the predatory actions of others.

109.    John and Jane Does I-X failed to protect the minor children named herein

110.    As a direct legal and proximate cause of these breaches, the Plaintiffs suffered physical injury and emotional damages.


111.    In the alternative, the Plaintiffs re-allege and incorporate by reference each of the foregoing paragraphs as if fully set out herein.

## COUNT VIII: NEGLIGENT INFLICTION OF EMOTIONAL

**DISTRESS BY ERICA WEARY, TEQUILLA HALL, AND HARMONY RAFFEO**

100. The Plaintiff Alexandria Faye individually and as next friend of the minor children named herein. re-alleges and incorporates by reference each of the foregoing paragraphs as if fully set out herein.

101. The conduct of the Defendants Erica Weary, Tequila Hall and Harmony Raffeo caused all Plaintiffs to suffer the physical manifestations of emotional distress. The Plaintiffs suffered severe emotional distress, which was a result of Defendant's negligence and misconduct as described herein.

102. The Plaintiffs suffered severe emotional distress, which was a direct result of the Defendants negligent conduct in failing to adequately and safely care for the minor children named herein while in their custody and the custody of the state.

103. The emotional distress described herein is the direct, legal and proximate cause of the Defendants Hall, Raffeo, and Weary.

**COUNT IX: BATTERY BY JOHN AND JANE DOES 1-10**

104. The Plaintiff Alexandria Faye as next friend and on behalf of the minor children O.F. and K.S. re-alleges and incorporates by reference each of the foregoing paragraphs as if fully set out herein.

105. The Defendant John and/or Jane Does 1-10 made intentional, unlawful, unwanted and offensive contact with the person of O.F.

106. The Defendant John and/or Jane Does 1-10 made intentional, unlawful, unwanted and offensive contact with the person of K.S.

107. This unwanted and offensive contact was by its very nature, violent, abhorrent, felonious and contrary to any and all social norms. Such contact was impermissible as a matter of law.

108. The offensive contact proximately caused physical and emotional injury to the minor children named herein.

## PUNITIVE DAMAGES

115. The Plaintiffs incorporates herein by reference the averments contained in the foregoing paragraphs of the complaint.

116. The Defendants acted with and demonstrated gross, wanton and reckless disregard for the safety of the Plaintiffs by failing to screen and supervise its employees with accepted standards of hiring procedures so as to warrant the imposition of punitive damages.

## DAMAGES

117. As a direct and proximate result of one or more of the aforesaid breaches, violations, acts and omissions on the part of the Defendants, as hereinabove enumerated, Plaintiff seeks to recover the following damages:

   a. Pain and suffering, both physical and mental;

   b. Past, Present and Future medical expenses and health care costs;

   c. Past, present, and future mental anguish and emotional distress;

   e. Punitive damages;

   d. Attorneys' fees and expenses; and

   e. All other damages allowed by law.

## JURY DEMAND

118. The Plaintiff herein demands a trial jury.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs respectfully requests that upon a trial of these causes, judgment be entered against Defendants for all damages available at law to the Plaintiff caused by the acts and/or omissions of the Defendants and other such legal or equitable remedies and relief prayed for herein

Respectfully submitted, this the 2nd day of April, 2018.

**ALEXANDRIA FAYE, INDIVIDUALLY**
**AND AS NEXT OF FRIEND AND ON BEHALF**
**OF O.F. AND K.S., PLAINTIFFS**

By:*/s/Edward Gibson*
EDWARD GIBSON, ESQ. (MSB. NO. 100640)

**OF COUNSEL:**

EDWARD GIBSON, ESQ. (MSB. NO. 100640)
HAWKINS | GIBSON, PLLC
153 Main St.
Bay St. Louis, Mississippi 39520
Telephone: (228) 467-4225
Facsimile: (228) 467-4212
Email: egibson@hgattorneys.com