IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

ALEXANDRIA FAYE, Individually
and as Next Friend and On Behalf
of O.F. and K.S.                                                                    PLAINTIFF

v.                                                          CAUSE NO. 1:17cv145-LG-RHW

MISSISSIPPI DEPARTMENT OF
HUMAN SERVICES; HARMONY
RAFFEO; TEQUILA HALL;
ERICA WEARY; and JOHN
AND JANE DOES I-X                                                                  DEFENDANTS

## ORDER DENYING PLAINTIFF'S VOLUNTARY
## MOTION TO DISMISS WITHOUT PREJUDICE

**BEFORE THE COURT** is the [25] Voluntary Motion to Dismiss filed by Alexandria Faye, individually and as next friend and on behalf of O.F. and K.S. The defendants filed a response in opposition to the Motion, but the plaintiff did not file a reply in support of her Motion. After reviewing the Motion, the record in this matter, and the applicable law, the Court finds that the Motion to Dismiss should be denied.

## BACKGROUND

Faye filed her first lawsuit alleging that one or more of her children were sexually assaulted while in foster care on August 25, 2015, in the Circuit Court of Hancock County, Mississippi. The defendants removed the case to this Court, and the case was assigned cause number 1:15cv429-HSO-JCG. Several of the defendants filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6). On August 10, 2016, Judge Halil Suleyman Ozerden determined that the First

Amended Complaint filed in that lawsuit did "not contain sufficient facts as to the purported wrongful conduct attributable to each Defendant, nor is it clear which constitutional rights were allegedly violated by each Defendant." (Mem. Op. & Order at 8, ECF No. 40, Cause No. 1:15cv429-HSO-JCG.) Judge Ozerden granted Faye leave to file a second amended complaint, but Faye failed to comply with the Court's deadline. Therefore, Judge Ozerden dismissed the lawsuit without prejudice.

Faye filed the present lawsuit in the Circuit Court of Hinds County, Mississippi, First Judicial District. The case was transferred to the Circuit Court of Harrison County, Mississippi, and then removed to this Court. The defendants filed a [7] Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6). The Court granted the defendants' Motion, but found that Faye should be granted leave to amend her Complaint. Faye filed her [18] Amended Complaint on April 2, 2018, and the defendants filed another [22] Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6). Faye requested additional time to file a response to the Motion, but instead of filing a response, she filed the present Voluntary Motion to Dismiss. Faye has informed the Court that she wishes to refile her lawsuit in state court, asserting only state law claims.

## DISCUSSION

Fed. R. Civ. P. 41(a)(2) provides that, in certain circumstances, a plaintiff may voluntarily dismiss her lawsuit "only by court order, on terms that the court considers proper." "[A]s a general rule, motions for voluntary dismissal should be

freely granted unless the non-moving party will suffer some plain legal prejudice other than the mere prospect of a second lawsuit." *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 317 (5th Cir. 2002). "Typical examples of such prejudice occur when a party proposes to dismiss the case at a late stage of pretrial proceedings, or seeks to avoid an imminent adverse ruling, or may on refiling deprive the defendant of a limitations defense." *In re FEMA Trailer Formaldahyde Prod. Liab. Litig.*, 628 F.3d 157, 162 (5th Cir. 2010).

Faye has not explained why she wishes to voluntarily dismiss her case, aside from her desire to pursue only state law claims in state court. Since Faye filed this Motion in lieu of responding to the defendant's Motion to Dismiss, it appears that she may be attempting to avoid an adverse ruling by this Court. Although the parties have not reached the point of conducting discovery, they have been engaged in this litigation for three years. Furthermore, after Judge Ozerden granted the defendants' first Motion to Dismiss and permitted Faye to amend her complaint, Faye chose not to amend her complaint but refiled her case in state court, leading the defendants to once again remove the case to this Court. The Court therefore finds that voluntary dismissal would prejudice the defendants, as the defendants are entitled to a ruling on their pending Motion to Dismiss. In addition, the defendants have been prejudiced by the extensive delay and unnecessary expense caused by Faye's procedural maneuvers. As a result, the Court finds that Faye's Motion to Dismiss should be denied.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the [25] Voluntary Motion to Dismiss filed by Alexandria Faye, individually and as next friend and on behalf of O.F. and K.S., is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 30th day of August, 2018.

*s/ Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE