IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

ALEXANDRIA FAYE, Individually
and as Next Friend and On Behalf
of O.F. and K.S.                                                    PLAINTIFF

v.                                            CAUSE NO. 1:17cv145-LG-RHW

MISSISSIPPI DEPARTMENT OF
HUMAN SERVICES; HARMONY
RAFFEO; TEQUILA HALL;
ERICA WEARY; and JOHN
AND JANE DOES I-X                                              DEFENDANTS

MEMORANDUM OPINION AND ORDER GRANTING
DEFENDANTS' SECOND MOTION TO DISMISS

**BEFORE THE COURT** is the [22] Second Motion to Dismiss filed by

Mississippi Department of Human Services ("MDHS"), Tequila Hall, Harmony

Raffeo, and Erica Weary, in this lawsuit filed as a result of the alleged sexual

assault of one or more children who were in foster care. The parties have fully

briefed the Motion. After reviewing the Motion, the record in this matter, and the

applicable law, the Court finds that the Motion to Dismiss should be granted.

## BACKGROUND

Alexandria Faye filed this lawsuit against the defendants on behalf of herself

and her two minor daughters. Her [18] First Amended Complaint contains the

following allegations:

Faye was arrested on February 19, 2014, and MDHS filed a petition to

remove her daughters — O.F., who was then one year old, and K.S., who was then

two years old — from Faye's custody. Faye claims that "[n]othing in the [p]etition

rose to an allegation of neglect sufficient to constitute of [sic] finding separating the mother from her minor children in violation of the Due Process Clause of the Fourteenth Amendment of the United States Constitution and the right to family integrity." (1st Am. Compl. 4, ECF No. 18.) The Hancock County Youth Court granted the petition, placing O.F. and K.S. in MDHS custody. MDHS, Hall, Raffeo, and John and Jane Does told the Youth Court that the only residents of the home of foster parent Erica Weary were Weary and her minor son. However, other unidentified persons resided in Weary's home. Faye alleges that, if the defendants had adequately screened and inspected the foster home and performed regular, required face-to-face meetings, the defendants would have learned that others lived in the foster home.

In 2014, Raffeo notified Faye that she was transporting the children to the hospital so that they could be tested for gonorrhea. (1st Am. Compl. 7, ECF No. 18.) Raffeo told hospital staff that O.F. had tested positive for gonorrhea at a health clinic. MDHS, Raffeo, Hall, and John and Jane Does also "declined an examination by medical personnel for sexual assault." (*Id.*) MDHS, Hall, Raffeo, and John and Jane Does reported that the assault occurred at the Weary home. Subsequently, Faye and a social worker took the children to the Children's Hospital of New Orleans. "Medical staff treated K.S. prophylactically for gonorrhea due to the fact that no facility was able to collect a urine specimen from K.S. for sexual infections prior to treatment." (*Id.* at 8.) O.F.'s medical records state that she "most likely contracted [gonorrhea] while in foster care based on symptomology and timeline

provided." (*Id.*)  O.F. tested positive for gonorrhea at three different medical facilities.  Faye tested negative for gonorrhea on two occasions.  "MDHS substantiated sexual abuse suffered by the minor children, but did not substantiate the source." (*Id.*)  Gonorrhea is only transmitted by sexual contact; thus, the children were sexually assaulted. Gonorrhea has an incubation period of two to five days, but the children were in MDHS custody for almost four months before the gonorrhea diagnosis.  "It is medically concluded that O.F. and K.S. contacted [sic] gonorrhea while in MDHS and Hancock County DHS custody."[1] (*Id.* at 9.)

Faye claims that the defendants failed to follow their own policies and procedures when they (1) failed to conduct "appropriate background checks" as to all individuals who would reside in the foster home where the children were placed; (2) failed to "conduct periodic inspections" of the foster home; and (3) failed to conduct "periodic face-to-face meetings" with the children.  (*Id.*)  She alleges that the John and Jane Doe defendants molested the children.

Faye attempts to assert the following claims: negligence and gross negligence of MDHS under the Mississippi Tort Claims Act; deprivation of Fourteenth Amendment rights by Raffeo under 42 U.S.C. § 1983; deprivation of Fourteenth Amendment rights by Hall under 42 U.S.C. § 1983; deprivation of Fourteenth Amendment rights by John and Jane Does 1-10 under 42 U.S.C. § 1983; deprivation of Constitutional rights by Weary under 42 U.S.C. § 1983; negligence and gross

---

[1] The First Amended Complaint, like the original Complaint, contains contradictory allegations regarding whether one or both of the children were definitively diagnosed with gonorrhea and therefore sexually abused.

negligence by Weary, negligence and gross negligence by John and Jane Does 1-10; negligence infliction of emotional distress, by Weary, Hall, and Raffeo; and battery by John and Jane Does 1-10. Faye seeks compensatory damages, punitive damages, and attorneys' fees and expenses. The Court granted the defendants' first [7] Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) but found that Faye should be granted leave to amend her Complaint. Faye filed her First Amended Complaint, and the defendants filed their [22] Second Motion to Dismiss.

## DISCUSSION

To survive a motion to dismiss filed pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). In considering a Rule 12(b)(6) motion, a court must accept all well-pleaded facts as true and view those facts in the light most favorable to plaintiff. *King-White v. Humble Indep. Sch. Dist.*, 803 F.3d 754, 758 (5th Cir. 2015). "The court's task is to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

# I.  FAYE'S SECTION 1983 CLAIMS

## A.  SECTION 1983 CLAIMS FILED AGAINST WEARY

In its [16] Memorandum Opinion and Order granting the defendants' first Motion to Dismiss, this Court explained that a foster parent is not a state actor for purposes of section 1983.  (Mem. Op. & Order 6, ECF No. 16.) (citing *Faulkner v. Miss. Dep't of Human Servs.*, No. 1:16cv158-LG-RHW, 2016 WL 3661521, at *2 (S.D. Miss. July 5, 2016)).  Since Faye's claims that Weary is a state actor were solely based on her status as a foster parent, this Court held that Faye's original Complaint did not contain sufficient allegations supporting a claim against Weary pursuant to 42 U.S.C. § 1983.  Faye has not provided any new factual allegations as to Weary.  Therefore, for the reasons stated in his Court's previous [16] Memorandum Opinion and Order, Faye's § 1983 claims against Weary are dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

## B.  INDIVIDUAL CAPACITY CLAIMS AGAINST HALL AND RAFFEO

Faye attempts to assert § 1983 claims against Hall and Raffeo in their individual capacities, alleging that these defendants violated Faye and her daughters' rights to family integrity and due process.  Faye claims that Hall and Raffeo failed to properly screen and inspect the foster home and failed to make face-to-face contact with the minor children.  Hall and Raffeo argue that they are entitled to qualified immunity.

Qualified immunity protects governmental officials from individual liability "as long as their actions could reasonably have been thought consistent with the

rights they are alleged to have violated." *Good v. Curtis*, 601 F.3d 393, 400 (5th Cir. 2010). "[Q]ualified immunity generally protects 'all but the plainly incompetent or those who knowingly violate the law.'" *Id.* (quoting *Malley v. Briggs*, 475 U.S. 335, 341 (1986)). "[A] plaintiff seeking to defeat qualified immunity must show: (1) that the official violated a statutory or constitutional right, and (2) that the right was clearly established at the time of the challenged conduct." *Anderson v. Valdez*, 845 F.3d 580, 599-600 (5th Cir. 2016). "At the 12(b)(6) stage, to hold that the defendant violated the law at step one of the qualified-immunity analysis means . . . that the plaintiff has stated a claim upon which relief may be granted." *Morgan v. Swanson*, 659 F.3d 359, 384 (5th Cir. 2011). "Thus, a plaintiff seeking to overcome qualified immunity must plead specific facts that both allow the court to draw the reasonable inference that the defendant is liable for the harm he has alleged and that defeat a qualified immunity defense with equal specificity." *Hinojosa v. Livingston*, 807 F.3d 657, 664 (5th Cir. 2015).

The First Amended Complaint contains no facts that would justify a claim for denial of the right to family integrity, because the defendants took custody of the children due to Faye's arrest and pursuant to the Youth Court's Order. Faye alleges that "[n]othing in the [MDHS] [p]etition rose to an allegation of neglect sufficient to constitute of [sic] finding separating the mother from her minor children in violation of the Due Process Clause of the Fourteenth Amendment of the United States Constitution and the right to family integrity." (1st Am. Compl. 4, ECF No. 18.) The Youth Court apparently disagreed with Faye's assertion. To the

extent that Faye may be asking the Court to overturn the Youth Court order, this Court must abstain from making such a determination. *See Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994) (explaining that the *Rooker/Feldman* doctrine bars a losing party "from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights.")

As for Faye's substantive due process claim, Faye must provide proof that Hall and Raffeo acted with deliberate indifference toward the children. *Hall v. Smith*, 497 F. App'x 366, 377 (5th Cir. 2012). However, "[t]o act with deliberate indifference, a state actor must consciously disregard a known and excessive risk to the victim's health and safety. . . ." *Id.* at 8.

The First Amended Complaint only contains speculative assertions that Hall, Raffeo, and others would have learned of the alleged sexual abuse if they had conducted face-to-face meetings, screenings, and inspections at the foster home. She also claims, "[I]t is believed that MDHS, Tequila Hall, Harmony raffeo, Erica Weary, and John and Jane Does took other affirmative steps to thwart a complete and thorough investigation by the local police." (1st Am. Compl. 8, ECF No. 18.) As explained previously, speculative, conclusory assertions are insufficient to state a plausible claim for relief. Since there is no allegation that Hall or Raffeo knew of the alleged abuse or knew there was a danger of abuse, there are no allegations of deliberate indifference aside from unsupported assertions that Hall and Raffeo acted with deliberate indifference. Allegations of negligence or gross negligence are

insufficient to state a claim for denial of the right to substantive due process. Since Faye has alleged nothing more than negligence, she has not asserted a constitutional violation on the part of Raffeo or Hall; thus, Hall and Raffeo are entitled to qualified immunity.

## II. STATE LAW CLAIMS OF NEGLIGENCE AND GROSS NEGLIGENCE AGAINST MDHS

MDHS argues that it is entitled to immunity pursuant to the Mississippi Tort Claims Act (MTCA), which provides:

> A governmental entity and its employees acting within the course and scope of their employment or duties shall not be liable for any claim: . . . (b) Arising out of any act or omission of an employee of a governmental entity exercising ordinary care in reliance upon, or in the execution or performance of, or in the failure to execute or perform, a statute, ordinance or regulation, whether or not the statute, ordinance or regulation be valid.

Miss. Code Ann. § 11-46-9(1)(b). Faye's First Amended Complaint does not contain sufficient factual assertions to state a plausible claim that MDHS's employees failed to act with ordinary care.

Furthermore, Faye's claims that MDHS breached its duties to screen and inspect the foster home are barred by Miss. Code Ann. § 43-15-125, which provides that "[t]he Department of Human Services and/or its officers, employees, attorneys and representatives shall not be held civilly liable for any findings, recommendations or actions taken pursuant to [Title 43, Chapter 15, Article 3 of the Mississippi Code]." The purpose of Article 3 "is to protect the health, safety and well-being of all children in the state who are cared for by family foster homes . . . by providing for the establishment of licensing requirements for such homes . . . and

providing procedures to determine adherence to these requirements." Miss. Code Ann. § 43-15-101. Miss. Code Ann. § 43-15-105 governs licensing of foster parents. Miss. Code Ann. § 43-15-115 governs inspections of foster homes. Therefore, any MDHS actions taken during the licensing, inspection, and regulation of foster homes fall within the immunity provided.

Faye cites MDHS regulations in her First Amended Complaint and claims that MDHS and its employees must have violated its regulations by failing to perform inspections and face-to-face meetings or else it would have learned of the abuse or danger of abuse, but she does not provide factual allegations to support these claims. Faye also claims that MDHS failed to properly investigate the abuse, but the factual allegations contained in Faye's First Amended Complaint indicate that MDHS took the children to numerous medical clinics during the investigation. There are no facts in the complaint that would support a claim for failure to investigate, aside from a speculative assertion that MDHS and its employees may have interfered with the police investigation in some unspecified way. Therefore, even if MDHS were not entitled to immunity, Faye's First Amended Complaint contains insufficient factual allegations to state a plausible claim against MDHS under the Mississippi Tort Claims Act.

## III. CLAIMS OF NEGLIGENCE AND GROSS NEGLIGENCE AGAINST WEARY

In support of her negligent and gross negligence claims against Weary, Faye claims that Weary breached her duty to protect the children from harm and this breach caused the children to be "molested while in the care of Watch Me Grow

Learning Center, Inc." (1st Am. Compl. 20, ECF No. 18.) Faye does not explain the connection between the daycare and Weary or explain what actions on the part of Weary constituted a breach. She also does not allege facts to support the claim that the children were assaulted at the daycare, even though the Court has pointed out this deficiency on two prior occasions. Therefore, Faye failed to state a plausible negligence or gross negligence claim against Weary.

Furthermore, under the MTCA, "no employee shall be held personally liable for acts or omissions occurring within the course and scope of the employee's duties." Miss. Code. Ann. § 11-46-7(2). Foster parents are considered employees under the MTCA, and there is "a rebuttable presumption that any act or omission of an employee within the time and at the place of his employment is within the course and scope of his employment." Miss. Code Ann. § 11-46-1(f)(ii); Miss. Code Ann. § 11-46-5(3). There are no facts in Faye's First Amended Complaint that indicate Weary was acting outside the course and scope of her employment. As a result, she is entitled to immunity under the MTCA.

## IV. NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS CLAIM AGAINST WEARY, HALL, AND RAFFEO

Weary, Hall, and Raffeo were state employees who are presumed to be acting within the course and scope of their employment. *See* Miss. Code Ann. § 11-46-5(3). Faye's First Amended Complaint does not include any allegations that would tend to rebut the presumption that these employees were acting within the course ad scope of their employment. Therefore, these defendants are entitled to immunity as to Faye's negligent infliction of emotional distress claim. *See* Miss. Code Ann. § 11-

46-7(2); s*ee also Bell v. Miss. Dep't of Human Servs.*, 126 So. 3d 999, 1003 (Miss. Ct. App. 2013) (holding that a MDHS employee was entitled to immunity as to a fellow employee's claims of false imprisonment and infliction of emotional distress).

## V. CLAIMS AGAINST JOHN AND JANE DOES

Faye has filed multiple complaints over the past three years, but she has not named the John and Jane Doe defendants. Faye recently filed a motion requesting leave to voluntarily dismiss this lawsuit so that she can refile her claims in state court. Although the Court denied Faye's Motion to dismiss the entire lawsuit, the Court will dismiss Faye's claims against the John and Jane Doe defendants without prejudice so that she can pursue those claims in state court upon identifying those defendants if she wishes to do so.

### CONCLUSION

For the foregoing reasons, the Court finds that this lawsuit must be dismissed for failure to state a claim upon which relief can be granted. Faye's claims against the named defendants are dismissed with prejudice, and Faye's claims against the John and Jane Doe defendants are dismissed without prejudice.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the [22] Second Motion to Dismiss filed by Mississippi Department of Human Services, Tequila Hall, Harmony Raffeo, and Erica Weary is **GRANTED**. The plaintiff's claims against these defendants are **DISMISSED WITH PREJUDICE**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that the plaintiff's claims against the John and Jane Does I-X are **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED AND ADJUDGED** this the 30th day of August, 2018.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE